[No. 6502.   Decided March 30, 1907.]

P. R. KEITH *et al.*, *Appellants*, v. VICTOR HUGO SMITH *et al.*, *Respondents*.[1]

FRAUDS, STATUTE OF—BROKERS—EMPLOYMENT—CONTRACT IN WRITING—MEMORANDUM—SUFFICIENCY.   Under Laws 1905, p. 110, requiring a contract with a broker for commissions on the sale of real estate, or a memorandum thereof, to be in writing, a note of instructions to the agent containing none of the terms of the contract of employment is insufficient as a memorandum under the statute.

SAME—PERFORMANCE—EFFECT.   Where a statute requires a contract for the employment of a broker, or a memorandum thereof, to be in writing, full performance of an oral contract will not take the same out of the operation of the statute or authorize a recovery upon a *quantum meruit*.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 11, 1906, upon sustaining a demurrer to the complaint, and the refusal of the plaintiffs

[1] Reported in 89 Pac. 473.

to plead further, dismissing an action to recover a commission on a sale of real property. Affirmed.

*Arthur & Hutchinson,* for appellants.

*Charles E. Patterson,* for respondents.

CROW, J.—This action was brought by the plaintiffs, P. R. Keith and W. P. Sergeant, copartners as Keith-Sergeant Realty Company, against the defendants, Victor Hugo Smith and L. B. May, to recover a commission claimed to be due on the purchase of real estate. In their third amended complaint, to which we will hereafter refer as the complaint, the plaintiffs alleged, that on November 15, 1905, the defendants employed them to negotiate for the purchase of a certain described tract of land in Pierce county; that the contract of employment was orally made; that presently thereafter a note and memorandum thereof in writing, directing the plaintiffs as to their procedure in the matter, was signed by one of the defendants in behalf of both of the defendants, and delivered to the plaintiffs, in words and figures as follows:

"Seattle, Washington, 11-15-05.

"Messrs. Keith and Sergeant, Tacoma, Wn.:

"Dear Sirs: Enclosed find contract which Mr. Smith wishes signed by Mr. Fletcher and confirmed by Rice and wife. Advise us when abstract is ready, and we will come over at once.      Yours,      L. B. May."

that said writing referred to the land above mentioned; that the person therein named as Mr. Smith is the defendant Victor Hugo Smith; that the person therein named as Mr. Fletcher is Donald Fletcher, who represented the owner of the land, and that the person therein named as Rice is Fred A. Rice, the owner of the land; that the abstract referred to is the abstract of title to the land, and that all of said references were fully understood by the parties to this action; that the plaintiffs negotiated the purchase of the land for the defendants, which negotiation was ratified and adopted by defendants, who, before the commencement of this

action, actually purchased the land and made a payment thereon through the agency of the plaintiffs; and that the plaintiffs' services were worth the sum of $1,250. To this complaint the defendants interposed a general demurrer, which was sustained by the trial court. Thereupon the plaintiffs electing to stand upon their complaint and refusing to plead further, a judgment was entered dismissing the action, and they have appealed.

The appellants contend that the trial court erred in sustaining the demurrer, and insist (1) that the note or memorandum set forth in the complaint, aided by its allegations, is a sufficient compliance with the statute of frauds, and (2) that their contract being fully performed, they are entitled to recover the value of their services on a *quantum meruit.* Chapter 58, Laws 1905, page 110, being an amendment of Bal. Code, § 4576 (P. C. § 5343), reads as follows:

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The respondents, citing this section, insist that the complaint does not state a cause of action. Their contention was sustained by the trial judge, who held that the contract of employment should be in writing and that the note or memorandum set forth in the complaint does not meet the requirements of the statute. After placing the most liberal construction upon the note or memorandum pleaded by the appellants, we fail to see how it can be held a sufficient compliance with the statute. It does not purport to authorize or employ the plaintiffs to act as brokers. It describes no particular real estate. It mentions no terms of purchase or sale, no price or time of payment, no period during which the appellants'

authority, if created, was to continue, nor does it specify the amount of their commission. The alleged memorandum is so signally indefinite in its terms that it utterly fails to amount to written evidence of an agreement authorizing or employing the appellants to purchase real estate for the respondents for a commission or compensation.

"At common law a contract employing a broker for the purchase or sale of lands need not be in writing, and he may accordingly recover compensation for services rendered under an oral contract; but this rule has been changed by statute in some states. If a statute requires a written authorization, a broker who acts under a parol contract of employment cannot recover what his services are reasonably worth as upon a promise implied by law." 19 Cyc. pp. 219, 220.

See, also, 5 Current Law, 446. California has a statute almost identical with our act of 1905, and the supreme court of that state, in *McCarthy v. Loupe*, 62 Cal. 299, construing the same, said:

"Since the Code, no express contract in a case like this can be of any avail unless in writing. This particular kind of contract can only be proved by the introduction of an instruction in writing. Therefore the plaintiff failed to prove an express contract, and it was upon an express contract alone that he was entitled to recover."

See, also, *Shanklin v. Hall*, 100 Cal. 26, 34 Pac. 636; *Dolan v. O'Toole*, 129 Cal. 488, 62 Pac. 92; *Leimbach v. Regner*, 70 N. J. L. 608, 57 Atl. 138; *Stout v. Humphrey*, 69 N. J. L. 436, 55 Atl. 281; *Covey v. Henry*, 71 Neb. 118, 98 N. W. 434; *Danielson v. Goebel*, 71 Neb. 300, 98 N. W. 819; *Zimmerman v. Zehender*, 164 Ind. 466, 73 N. E. 920; *King v. Benson*, 22 Mont. 256, 56 Pac. 280; *Barney v. Lasbury* (Neb.), 107 N. W. 989.

The courts of the several states in which statutes of this character have been enacted have constantly adhered to the rule that no action can be maintained for services performed in purchasing or selling real estate by an agent or broker, unless his contract of employment is in writing. This rule

enforces the legislative intent evidenced by the enactment of such statutes. No other construction would do so. From its very nature a claim for commission could not be made until earned, and to hold that performance would take an action of this character out of the operation of the statute would nullify the statute itself.

The Indiana statute on this subject, being § 6629a, Burns' Ann. St. 1901, reads as follows:

"That no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative."

In *Zimmerman v. Zehender, supra,* the plaintiffs endeavored to recover compensation for their services in procuring a purchaser for certain real estate. Their complaint in part declared upon an oral contract for payment by the defendant of a reasonable sum as commission, and further averred in substance that, at the time of the finding of the purchaser, the plaintiffs caused a written agreement to be prepared and executed by the defendant and the purchaser, wherein it was stipulated as a part of the consideration of the purchase and sale, that the defendant would pay the plaintiffs as his duly authorized agents, a sum of money theretofore agreed upon as their compensation in securing a purchaser for the land. A copy of this agreement was filed with, and made a part of, the complaint. The particular paragraph of the written memorandum or agreement relied upon reads as follows:

"(3) Said James Zehender further agrees that when said Wilson Spindler has complied with said contract to deliver or cause to be delivered a warranty deed in fee simple, free of all incumbrances whatever, and to compensate his authorized agents, Warner & Zimmerman, to the amount that has been and is now understood, and further agrees to give pos-

session of said described premises thirty days from date of contract."

The supreme court of Indiana, in passing upon the sufficiency of the complaint, said:

"The statute requires that the contract for the payment of a commission for the sale of real estate be in writing, and a written memorandum or acknowledgment of an oral contract will not fulfill the requirements of the law. . . . All of the provisions of the contract between appellee and Spindler relating to appellants were embraced in two lines, as follows: 'And to compensate his authorized agents, Warner and Zimmerman, to the amount that has been and is now understood.' This provision is extremely meager, and if we infer that appellants were the authorized agents for the sale of the particular real estate described, and were to be compensated for services rendered in connection with its sale, the material part of the agreement—the amount of the compensation—is still left in uncertainty and undetermined. The compensation is to be the amount 'understood'; but by whom is not stated. In short, the contract, in so far as it relates to this action, is only partially in writing. The important feature—the amount of commission to be paid—is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding, the exact thing which the statute was designed to prevent. A contract partly written and partly verbal is a parol contract, and contracts required by law to be in writing must be wholly written to be enforceable. . . . A material part of the contract in suit being verbal, it must be held to be an oral contract, and therefore invalid."

We think the reasoning of the Indiana court may well be applied to the allegations of the complaint in this action, and that the note and memorandum therein set forth is utterly insufficient to constitute a compliance with our statute.

The trial court committed no error in sustaining the demurrer. The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.