[No. 7228. Decided August 19, 1908.]

AARON H. FOOTE *et al.*, *Respondents*, v. E. L. ROBBINS, *Appellant*.[1]

FRAUDS, STATUTE OF — REAL ESTATE — BROKER'S COMMISSIONS—TERMS OF CONTRACT. Under Laws, 1905, p. 110, which requires an agreement authorizing or employing a broker to sell or purchase real estate for compensation or a commission to be in writing, signed by the party to be charged, etc., brokers cannot recover for commissions under a written contract giving them exclusive authority to sell real estate, where it contained no agreement for the payment of the commissions; as the same is insufficient to take the case out of the operation of the statute of frauds, and parol evidence as to an agreement for commissions is inadmissible.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 2, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to recover a broker's commission. Reversed.

*Walker & Munn* and *S. M. Brackett*, for appellant.

*Frederick R. Burch* and *Martin Rozema* (*John A. Saboe*, of counsel), for respondents.

[1]Reported in 97 Pac. 103.

CROW, J.—Action by Aaron H. Foote and Millard F. Perry, copartners as Foote & Perry, against E. L. Robbins, to recover a broker's commission for selling certain real estate belonging to the defendant. Upon trial without a jury, findings of fact, conclusions of law, and a judgment were entered in favor of the plaintiffs, from which the defendant has appealed.

The trial court found that the respondents were copartners as real estate agents and brokers in the city of Seattle; that on or about August 20, 1905, the appellant executed and delivered to respondents an undated written instrument reading as follows:

"UNIFORM REAL ESTATE CONTRACT FOR THE STATE OF "WASHINGTON.

"In consideration of valuable services to be performed by you in endeavoring to effect sale of the following described real property: [Desrciption] I hereby give you the exclusive sale of the above described property for the period of thirty days from the date hereof and thereafter until withdrawn by ten days' written notice, and upon receipt of the purchase price I agree to make a good and sufficient conveyance to said described property by warranty deed to the person or persons designated by you. The price of said property to be $12,400 net and upon the following terms, to wit: Cash, on delivery of deed. In case of sale of the above described property by or through you, I further agree to furnish a complete abstract of title to said property.

"E. L. Robbins, owner. Address: South Park."

that, pursuant to such instrument and while the same was in full force and effect, the respondent, on or about September 30, 1905, procured a purchaser for the real estate who was ready, able and willing to buy the same, and pay $13,000 cash therefor.

The appellant, with other assignments of error not necessary to state or discuss, contends that the trial court erred in its conclusions of law to the effect that, by the terms of the written agreement, appellant covenanted to pay the respond-

ents a reasonable commission for the sale of the real estate. This contention is based upon Bal. Code, § 4576 (P. C. § 5343), of the statute of frauds, as amended by chapter 58, Laws of 1905, page 110, reading as follows:

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate *for compensation or a commission.*"

Appellant contends that the written instrument executed by him does not by its terms provide for any commission or compensation to respondents to be paid by him. In *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361, this court, in discussing the above section, said:

"We think it is manifest that the legislature intended to reach such contracts only as involve the relations of an owner and his agent with respect to the recovery of compensation or commission for services in selling or purchasing real estate . . . The contract which the statute declares to be void unless in writing *is one for the payment of a commission to the agent*, but it does not say that the actual authority to sell or purchase must be in writing."

The agreement before us contains no written stipulation for the payment of a compensation or commission to respondents. The original instrument itself, which is attached to and made a part of the statement of facts, was executed upon a printed form, and shows that the parties erased the following printed words, "and to pay you a commission of $———." These were the only printed words referring to the matter of the payment of a commission. Their erasure indicates an intentional refusal upon the part of the appellant to make any such payment, and an assent to such refusal by respondents who drew the instrument. If by the written agreement the payment of a commission by respondents was contemplated,

resort must now be had to oral evidence for the purpose of showing the amount of such commission, and that it was to be paid by the appellant as vendor and not by the purchaser as vendee. The unmistakable purpose of the statute was to avoid any such method of fixing the extent of the liability, or the liability itself, of either a vendor or a vendee for the payment of a commission.

In *Zimmerman v. Zehendner*, 164 Ind. 466, 73 N. E. 920, which we cited and commented upon with approval in *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, the supreme court of Indiana said:

"In short, the contract, in so far as it relates to this action, is only partially in writing. The important feature—the amount of commission to be paid, is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding, the exact thing which the statute was designed to prevent. A contract partly written and partly verbal is a parol contract, and contracts required by law to be in writing must be wholly written to be enforceable. . . . A material part of the contract in suit being verbal, it must be held to be an oral contract, and therefore invalid."

The contract before us is utterly silent upon the question of appellant's liability for the payment of a commission; yet the substantial purpose of the statute was to require that a contract fixing such a liability should be invalid unless in writing. If we were to hold that such a liability may be here shown by parol, simply because the appellant had written authority to make a sale, although such authority neither mentions nor provides for the payment of, or amount of, a commission, we would so construe the statute as to invite and promote the identical frauds which it was intended to avoid. Applying the principles announced in the cases above mentioned, we hold that the contract is not a sufficient compliance with the statute to enable the respondents to recover.

The judgment is reversed, and the cause is remanded with instructions to dismiss the action.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.