[No. 7345.  Decided October 3, 1908.]

W. S. McCREA *et al., Respondents,* v. WALTER OGDEN *et al., Appellants.*[1]

FRAUDS, STATUTE OF—SALE OF REAL ESTATE—MEMORANDUM—SUFFICIENCY—CONTRACT FOR COMMISSIONS—BROKERS. The words "commission to be paid when 2d payment is made to M. & M., $625," after the signature of the vendor at the foot of a contract to purchase real estate, constitute a substantial compliance with Laws 1905, p. 110, providing that an agreement for a broker's commission on the sale of real estate shall be void unless the contract or some note or memorandum thereof shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized (RUDKIN, FULLERTON, and CROW, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered March 25, 1908, in favor of the plaintiffs, upon overruling a demurrer to the complaint, in an action on contract. Affirmed.

*Post, Avery & Higgins,* for appellants, cited: 20 Cyc. 274; 29 Am. & Eng. Ency. Law (2d ed.), pp. 848, 849, 864; 9 Cyc. 717; Bliss, Code Pleadings, § 268; Browne, Statute

[1]Reported in 97 Pac. 503.

of frauds (5th ed.), §§ 357, 372, 387, 395; *Keith v. Smith,* 46 Wash. 131, 89 Pac. 473; *Zimmerman v. Zehendner,* 164 Ind. 466, 73 N. E. 920; *Palmer v. Marquette,* 32 Mich. 274; *Ridgway v. Ingram,* 50 Ind. 145, 19 Am. Rep. 706; *American Iron & Steel Mfg. Co. v. Midland Steel Co.,* 101 Fed. 200; *Wilstach v. Heyd,* 122 Ind. 574, 23 N. E. 963; *Boardman v. Spooner,* 13 Allen 353, 90 Am. Dec. 196; *Hall v. Soule,* 11 Mich. 494. Independent of the statute of frauds, the complaint does not state any sufficient consideration to show a legal contract. 6 Am. & Eng. Ency. Law (2d ed.), p. 679; 9 Cyc. 717-718; Bliss, Code Pleadings, § 268; Browne, Statute of Frauds (5th ed.), § 387.

*Danson & Williams,* for respondents. The contract was sufficiently signed. *Tingley v. Bellingham Bay Boom Co.,* 5 Wash. 644, 32 Pac. 737, 33 Pac. 1055, and cases cited; Clark, Contracts, p. 125; *Coddington v. Goddard,* 16 Gray 436; Browne, Statute of Frauds (5th ed.), § 357. The memorandum was sufficient. *Isphording v. Wolfe,* 36 Ind. App. 250, 75 N. E. 598; *Woolsey v. Jones,* 84 Ala. 88, 4 South. 190; *Rogers v. Duff,* 97 Cal. 66, 31 Pac. 836.

ROOT, J.—This was an action to recover a commission for the sale of real estate. Defendants demurred to plaintiffs' complaint, and upon their demurrer being overruled, elected to stand thereupon, whereupon a judgment in favor of plaintiffs was entered, from which this appeal is prosecuted by defendants.

Paragraphs 1 and 2 of the complaint alleged the plaintiffs to be copartners, engaged in the commission brokerage real estate business, at Spokane, and that defendants were husband and wife. Paragraph 3 alleged that the defendants, on the 3d day of September, 1907, entered into a contract to sell certain real estate to one James B. Conroy, the contract being set forth in full. At the end of the contract and following the signatures of the defendants thereto, were these words: "Commission to be paid when 2nd payment is made

to McCrea & Merryweather $625.00." Paragraphs 4 and 5 were as follows:

"(4) That said agreement to pay to plaintiffs said commission of $625 was for services which plaintiffs had theretofore performed in producing said James B. Conroy as a purchaser and inducing him to enter into said written agreement to purchase said real estate and for such services as plaintiffs should thereafter render in inducing said Conroy to pay said sum of $7,000, and to enter into a written contract to purchase said property for said sum of $20,000, and thereafter and on the 3rd day of October, 1907, said Conroy did enter into a written agreement with defendants whereby defendants agreed to sell said real estate to said Conroy and said Conroy agreed to purchase the same for the sum of $20,000, and then and there did pay to said defendants said sum of $6,500, and agreed to pay the balance as specified in said written agreement which was filed for record in the county auditor's office of Spokane county, Washington, on the 31st day of October, 1907, and recorded in Volume G of Contracts at page 530.

"(5) That plaintiffs have fully performed said agreement and said purchaser was produced and said sale brought about and completed by reason of the services performed by said plaintiffs."

Paragraph 6 alleged demand and refusal of payment.

Appellants contend that the transaction is within the statute of frauds governing contracts to pay for services for buying or selling real estate, as set forth in the Laws of 1905, page 110; that the words at the end of the contract do not constitute a compliance with the statute mentioned. We think they do constitute a substantial compliance. These words show the fact that a commission was to be paid, when it was to be paid, to whom it was to be paid, and the amount that was to be paid. But it is urged by appellants that it does not state who was to pay this commission. With the contract before him, we cannot see how it would not be clear to any one that the intention was that the signers of the contract, the vendors, should pay this commission. It is true

that a purchaser sometimes pays a commission, but this is the exception and not the rule. When we speak about a real estate sale and a commission being paid, we ordinarily understand, unless there is specific mention to the contrary, that it is the vendor who pays the commission. This contract was signed by the vendors only, and we think there could be no possible mistake or misunderstanding as to who was to pay the commission that is provided for in this memorandum.

It is urged that the language used is not sufficient, in that it does not express all the terms of the employment of the agents or brokers. The statute in question does not require the agreement to be in writing. It says that such an agreement shall be void unless it, or some note or memorandum thereof, be in writing. Hence, the agreement may be in writing, or there may be merely a note in writing or a memorandum in writing. The purpose of this statute was to prevent the vendors and purchasers of property from being defrauded after a sale had been made, by brokers or agents wrongfully claiming to have been authorized to make sales or purchases. The statute should be construed and enforced so as to prevent such frauds; but it should not be construed or enforced in a manner that will defraud the broker. In this case it is perfectly clear that these vendors agreed to pay the brokers $625. To give the statute a construction that would nullify this clear intention and defraud these brokers of the commission which they honestly earned, would be to make the statute an instrument of oppression, which the legislature never intended. The facts in this case clearly distinguish it from the case of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, and the case of *Foote v. Robbins*, *ante* p. 277, 97 Pac. 103.

We think the complaint stated a cause of action. The judgment of the superior court is affirmed.

HADLEY, C. J., MOUNT, and DUNBAR, JJ., concur.

RUDKIN, J. (dissenting)—Section 1 of the act of March 3, 1905, Laws 1905, p. 110, provides that in the following cases

"any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission." It seems to me the following note or memorandum appended to a written contract between the vendor and the purchaser after the signature of the vendor, "*Commission to be paid when 2nd payment is made to McCrea & Merryweather $625.00*," falls far short of a compliance with the above statute. It neither authorizes nor employs the respondents to sell or purchase real estate, nor is it a note or memorandum of any contract or agreement with them. I therefore dissent.

FULLERTON and CROW, JJ., concur with RUDKIN, J.