[No. 7987.   Department One.   June 8, 1909.]

C. B. FORLAND *et al.*, *Respondents* v. MARY BOYUM,
*Appellant.*[1]

FRAUDS — STATUTE OF — BROKERS — CONTRACTS FOR COMMISSIONS.
Where a written contract for a broker's commissions on a percentage
basis was abrogated on negotiating a sale, and a flat commission of
$500 orally agreed upon, and the contract of sale made no reference
to commissions except to provide that purchase money paid should,
in case of default, be forfeited to the agents "to the extent of their
agreed upon commissions," the second contract is not a mere modi-
fication of the first; and the contract of sale is insufficient as a
memorandum of the agreement for commissions to entitle the broker
to recover commissions under the statute of frauds requiring any
agreement authorizing a broker to sell real estate for a commission
to be in writing.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered December 5, 1908, upon findings
in favor of the plaintiffs, after a trial before the court with-
out a jury, in an action for a broker's commission. Reversed.

*Paul Shaffrath* and *Austin E. Griffiths*, for appellant.

*Alfred E. Parker*, for respondents.

CHADWICK, J.—On January 2, 1907, the following con-
tract was entered into between C. B. Forland and Mary
Boyum:

"Seattle, Wash., January 2nd, 1907.

"To C. B. Forland:  In consideration of the sum of one
dollar to me in hand paid and of the services to be per-
formed by you in endeavoring to effect a sale of the follow-
ing described property, viz., lot five (5), block eighteen (18),
Sarah A. Bell's Second Addition to the City of Seattle, with
14-room house, divided into three apartments, modern, I do
hereby give and grant unto you for the period of thirty (30)
days from date hereof and thereafter until withdrawn by ten
days' written notice, the exclusive right to sell said property,
and I agree to convey the same, or cause the same to be con-
veyed by good and sufficient warranty deed to the person or

[1]Reported in 102 Pac. 34.

persons designated by you. The price of said property to be $15,000, and upon the following terms: $5,000, balance on four and five years, at 6 per cent. I further agree in case of a sale to furnish an abstract of title to said property, duly certified to date by a competent abstractor, and to pay you a commission of 5 and 2½ per cent upon the purchase price, 5 per cent on the first $10,000, 2½ per cent on the balance.

"(Signed) Mrs. Mary Boyum, Owner."

Upon the trial plaintiffs were allowed to file an amended complaint reciting that the contract was in fact entered into for the use and benefit of plaintiffs. This is assigned as error, but, from the view we take of the law of the case, it is unnecessary to discuss it. Upon the same day, the following document was submitted to defendant, and approved by her:

"Seattle, Wash., January 2nd, 1907.

"Received of Marcus C. Ware, 419 Bailey Bldg., City, hereinafter mentioned as the purchaser, the sum of five hundred dollars, as earnest money, and in part payment for the purchase of certain real estate situate in King County, State of Washington, and particularly described as follows, to wit: All of lot five (5), block eighteen (18), Sarah A. Bell's Second Addition to the City of Seattle, together with any and all improvements thereon, which we have this day sold to the said purchaser for the sum of fourteen thousand five hundred (14,500) dollars on the following terms, to wit: Five hundred dollars as herein above receipted for, four thousand five hundred dollars on delivery of warranty deed, four thousand seven hundred and fifty on or before four years at 6 per cent per annum, four thousand seven hundred and fifty dollars on or before five years, at 6 per cent per annum (security to be first mortgage). Rents, insurance and interest on mortgages, if any, are to be apportioned from date deed is delivered. The risk of loss or damage to said premises by fire, until delivery of deed, is assumed by the seller to the limit only of amount allowed by the insurance companies. An abstract of title is to be furnished and 15 days' time allowed for the examination thereof. It is agreed that if the title to the said premises is not good, or cannot be made good within 30 days, this agreement is void, and the earnest money herein receipted for shall be refunded. But if the title to said premises is good, and the purchaser neglects or refuses

to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to Forland and Company, of Seattle, to the extent of their agreed-upon commission, and the residue to the owner of the said premises. The property is to be conveyed by warranty deed of conveyance, free and clear of all liens and encumbrances of every nature whatsoever. Time is the essence of this contract.

"(Signed) Forland and Co., Agents, By W. A. Blackwood.

"I hereby agree to purchase said property on the above terms, and pay $14,500 as specified above. Marcus C. Ware, Purchaser.

"The above sale is hereby approved.    By Mrs. Mary Boyum, Owner."

During the subsequent negotiations, some differences arose as to the amount and manner of payment, and a flat commission of $500 was agreed upon; but a more substantial objection arose in that there was a defect in the title that was not, and could not be, cured within the limit of thirty days. The sale was never consummated. From a judgment in favor of plaintiffs, defendant has appealed.

Without discussing the facts in the case, but assuming that respondents did all that is ordinarily required to entitle a real estate broker to his commission, we are met at the threshold of our discussion by a legal proposition which is, under the previous decisions of this court, decisive of this case. Respondents' suit, if sustained at all, must be sustained under the second contract, and therefore the only question before us is whether it is sufficient under chapter 58, Laws 1905, page 110, § 1, wherein the statute of frauds is extended so as to include "an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission." While there are cases holding that, under a statute similar to our own, the terms of the broker's contract do not have to be set out in the memorandum or writing required by statute, the exact question has been before this court in the case of *Foote v. Robbins*, 50

Wash. 277, 97 Pac. 103, and in the case of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, wherein it was held that the terms of the employment must be set out in writing. In the first case cited the court said:

"The unmistakable purpose of the statute was to avoid any such method [resort to oral evidence] of fixing the extent of the liability or the liability itself, of either a vendor or a vendee for the payment of a commission."

These cases were decided upon the authority of *Zimmerman v. Zehendner*, 164 Ind. 466, 73 N. E. 920, which seems to be a leading case, and from which apt quotation is made, and is now referred to. The second writing is not a mere modification of the original contract so as to permit a recovery upon that theory. It is a complete, independent contract, certain in all its terms, except the amount of the commission to be paid. The provision relied upon for payment of commission is:

"But if the title to said premises is good, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to Forland and Company, of Seattle, to the extent of their agreed-upon commission, and the residue to the owner of the said premises."

Resort must be had to parol testimony to ascertain the amount agreed upon. Nor would the offer of the original contract prove anything without resort to oral evidence to bring it within the issues tendered by the complaint. 20 Cyc. 258; *Wilson's Assignee v. Beam*, 12 Ky. Law 367, 14 S. W. 362; *Platt v. Butcher*, 112 Cal. 634, 44 Pac. 1060.

Respondents contend that the modification in the contract was made for the benefit of appellant, and that therefore she should not be heard to complain. This might be true in some cases, but it can have no application where a contract falls within the statute of frauds. Such contracts are held void by force of the statute, and the rights of the parties can never be determined by resort to equitable principles.

The case as presented falls within the statute, and the respondents cannot recover.

The judgment is reversed and the cause remanded with instructions to enter judgment for appellant.

Rudkin, C. J., Fullerton, Gose, and Morris, JJ., concur.