[No. 8540. Department One. February 5, 1910.]

## H. N. SWARTSWOOD et al., Appellants, v. J. O. NASLIN, Respondent.[1]

FRAUDS, STATUTE OF—EMPLOYMENT OF BROKER—MEMORANDUM—SUFFICIENCY. A memorandum of an agreement for the employment of a broker to sell real estate is insufficient, under the statute of frauds (Rem. & Bal. Code, § 5289), where it fails to name any broker or agent and employs none, describes no real estate, and contains no agreement for compensation.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 5, 1909, dismissing an action to recover a broker's commission, upon sustaining a demurrer to the complaint. Affirmed.

*S. S. Langland,* for appellants.

*G. Ward Kemp,* for respondent.

RUDKIN, C. J.—This is an appeal from a judgment of dismissal after sustaining a demurrer to the complaint.

Section 1 of the Act of March 3, 1905, Laws of 1905, p. 110 (Rem. & Bal. Code, § 5289), provides that,

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission;"

and the sufficiency of the following note or memorandum

[1]Reported in 106 Pac. 770.

under the foregoing section is the only question presented by the appeal:

"Naslin, J. O. All fractional Sec. 18, T. 24-21 all in Douglas County. Price, $20,000.00; ½ cash; 700 spitz; 600 W. Sap; 250 styman; 200 Y. N.; 400 B. Davis; 500 13 Twig; 100 mixed; 100 peach; 9 cherry; Berries, etc., Water for 40 acres; good house, barn and out buildings. Commission, 5 per cent."

This memorandum is defective in so many particulars that no argument can be made in its support. It has neither form nor substance. It is lacking in both parties and subject-matter. It authorizes or employs no broker or agent. It describes no real estate. It contains no agreement for the payment of compensation or a commission. Such a note or memorandum fulfills neither the letter nor the spirit of the statute.

As said by the court in *Grafton v. Cummings*, 99 U. S. 100:

"The statute not only requires that the agreement on which the action is brought, or some memorandum thereof, shall be signed by the party to be charged, but that the agreement or memorandum shall be in writing. In an agreement of sale there can be no contract without both a vendor and a vendee. There can be no purchase without a seller. There must be a sufficient description of the thing sold and of the price to be paid for it. It is, therefore, an essential element of a contract in writing that it shall contain within itself a description of the thing sold by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who buys it. There is a defect in this memorandum in giving no indication of the party who sells. If Grafton was bound to purchase, it was because somebody was bound to sell. If he was bound to pay, somebody was bound to receive the money and deliver the consideration for the price so paid.

"There can be no bargain without two parties. There can be no valid agreement in writing without these parties are named in such manner that some one whom he can reach is known to the other to be bound also. No one is bound in

this paper to sell the Glen House, or to convey it. No one is mentioned as the owner, or the other party to this contract. Let it be understood that we are not discussing the question of mutuality in the obligation, for it may be true that if a vendor was named in this paper, the offer to perform on his part would bind the party who did sign. But Grafton did not agree to buy this property of anybody who might be found able and willing to furnish him a title. He was making a contract which required a vendor and a vendee at the time it was made, and he is liable only to that vendor. The name of that vendor, or some designation of him which could be recognized without parol proof extraneous to the instrument, was an essential part of that instrument to its validity."

The requirements of this statute have been considered by this court repeatedly, and the conclusions reached are fatal to the appellant's claim. *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473; *Foote v. Robbins*, 50 Wash. 277, 97 Pac. 103; *Forland v. Boyum*, 53 Wash. 421, 102 Pac. 34; *McCrea v. Ogden*, 54 Wash. 521, 103 Pac. 788; *Muir v. Kane*, 55 Wash. 131, 104 Pac. 153.

The judgment of the court below is therefore affirmed.

MORRIS, CHADWICK, FULLERTON, and GOSE, JJ., concur.