[No. 8395.  Department One.  February 26, 1910.]

HEGE, HACHEZ, PHILLIPS & COMPANY, *Respondent,* v.
H. HESSEL, *Appellant.*[1]

BROKERS—COMMISSIONS—CONTRACTS.  In an action to recover a broker's commission, under defendant's offer to sell and his promise in writing to pay the commission, the right to recovery is fixed by procuring a purchaser ready and willing to buy, followed by defendant's refusal to convey, and it is immaterial that the purchaser's written acceptance of the offer was conditional in form.

BROKERS—COMMISSIONS—CONTRACTS—FRAUDS, STATUTE OF.  No recovery can be had against a vendor upon his refusal to convey, for loss of a broker's commission agreed to be paid the vendee, where the vendor has not bound himself in writing to pay the commissions as required by the statute of frauds.

Appeal from a judgment of the superior court for Columbia county, Miller, J., entered June 18, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Modified.

*Leon B. Kenworthy,* for appellant.

*S. Edelstein* and *Will H. Fouts,* for respondent.

CHADWICK, J.—No statement of facts that we can consider is before us, and the only question for our determination is the sufficiency of the complaint.

On November 25, 1908, defendant signed and delivered to plaintiff the following writing:

"Spokane, Wash., Nov. 25, 1908.
"Hege, Hachez, Phillips & Co.,
    "Spokane, Wash.
    "Gentlemen:  For one week from date I hereby make the following offer to Mr. Mulcahy, owner of W. ½ of the E. ½ Sec. 4, and E. ½ of S. W. ¼ S. 4, and S. E. ¼ of N. W. ¼ of S. 4, T. 10, R. 20, twenty miles south of Missoula, Montana, including perpetual water right to the water coming through Tie Chute Canyon, with the ditches built.  I

[1] Reported in 107 Pac. 375.

will take the above land and assume the mortgage thereon of $600 due in about two years at 8 per cent. interest, and pay for the same by turning in as payment thereon my hotel, known as ·the Airdrie Hotel, Airdrie, Alberta, it being understood that Mr. Mulcahy is to assume a mortgage to be placed thereon for $7,000, at 8 per cent. $450 of which is to be paid in April, 1910, balance at the rate of $450 every six months, and I reserve the right to at any time have another party mortgage the place for any amount below the amount unpaid. Interest semi-annually. I agree to pay you a commission of 2½ per cent. on my property in event the deal is closed as above.                    H. Hessel."

It is alleged that "G. P. Mulcahy accepted said offer both orally and in writing in the presence of said defendant Hessel, the written acceptance being in words and figures following and indorsed upon the original offer: 'I accept the above proposition provided his statement of property agrees with description. Com. $150 if deal goes.'"

Out of this state of facts plaintiff makes two causes of action: (1) for the two and one-half per centum as provided in the main contract, and (2) for the $150 which Mulcahy had agreed to pay, and would have paid if the trade had been carried out by Hessel. The point is made that the acceptance signed by Mulcahy was conditional, and for that reason defendant cannot be bound by his contract. The liability of defendant under the first cause of action does not depend upon the form of the written acceptance, but upon the readiness, willingness, and ability of the other party. The complaint alleges that Mulcahy was ready and willing to carry out the contract, and would have done so but for defendant's refusal. An agreement to sell, a promise in writing to pay a commission, a willingness and ability to buy, and a refusal to convey, are the structural parts of the complaint in this class of cases. Applying this test the complaint stated a cause of action and will sustain the judgment to the extent of the demand made under it.

No recovery can be allowed under the second cause of action. It falls within, and must be construed with reference to, the amendment to the statute of frauds, Laws 1905, page 110. It is alleged in the complaint that defendant knew of the promise of Mulcahy to pay plaintiff the $150 commission. This was no doubt put into the complaint to meet the accepted proposition of law that a real estate broker cannot, in the absence of an express agreement or a disclosure of his true relation, act as agent for both the vendor and vendee. But this is not enough. No recovery against defendant can be had, either directly or by way of damages, for the loss of the commission, unless he has bound himself in writing. This he did not do. The statute is quoted and cases collected in *Swartswood v. Naslin, ante* p. 287, 106 Pac. 770.

The judgment of the lower court will therefore be reduced in the sum of $150, with interest thereon from the 27th day of November, 1908, to May 26, 1909, the date of the judgment, at the rate of six per cent per annum. With this modification the judgment is affirmed. The appellant will recover costs on appeal.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.