[No. 11276.   Department One.   September 2, 1913.]

## W. D. GOODRICH, *Respondent,* v. WALTER L. ROGERS *et al.,* *Appellants.*[1]

FRAUDS, STATUTE OF—SALE OF REAL ESTATE—BROKER'S COMMISSIONS.  A contract listing real estate with an agent for sale falls within the statute of frauds, where it was not signed, there was no promise to pay a commission and the land was not described.

SAME.  A contract for a broker's commissions, required by Rem. &. Bal. Code, § 5289, to be in writing, is void, where resort must be had to oral testimony to ascertain the amount agreed to be paid.

SAME—PLEADING—GENERAL DENIAL.  In an action for a broker's commissions, in which the complaint sets out a written contract which is without the statute of frauds, the defendant may, under a general denial, avail himself of the defenses of the statute.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 3, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Reversed.

*E. B. Powell, Cannon, Ferris & Swan,* and *John M. Cannon,* for appellants.

*R. L. Edmiston,* for respondent.

CHADWICK, J.—Plaintiff brought this action to recover a commission on the sale of certain real property owned by the defendants.   The contract of listing is evidenced by a card. It is partly printed and partly written.

"Number of Acres: 92 Section...... Township 44, Range .... County, Spokane, Distance to Railroad...... Nearest

[1]Reported in 134 Pac. 947.

Town 5 miles N. E. Colbert.  Acres Cultivated 84, Suitable for Cultivation 84.  Timber 8.  Orchard 29.22 bearing, commercial, 7 R. B. and Wag. for home use.  Small fruit......
Timothy land......Water, Well, abundance of water, piped to orchard, in house and barn, wind-mill and storage tank. House (Describe) 6-room modern.   Outbuildings, Large barn & 2 packing houses, and chicken house & Machinery go with place.  Fences Yes.  Distance to school, 3-4 mile. Church ......Remarks.  On Rural Route, Telephone All good land. Will sell 42, which includes bearing orchard and buildings at $12,000."

"Mortgage $2300  When due 1914, 1000.  Bal. 1915 Rate of Interest 7%  To be assumed....Price $20,000 Net..... Commission 5% Terms......Will trade for..Will take city property to 3500 as part payment, and take ½ of crop each year, purchaser to pay int.  Owner......Address: Mrs. W. L. Rogers, Colbert, R. R. No. 1.  Date of Entry July 13th, 1912."

The writing is not signed, there is no promise to pay a commission nor is the land described.

Plaintiff thereafter interested a customer who was willing to buy, and the parties thereupon drew up and signed a contract of sale.  No mention of the payment of a commission is made in this contract.  Some dispute arose as to the terms of the latter contract, defendants insisting that plaintiff had imposed upon them when reducing it to writing.  In consequence thereof, they repudiated the contract and sold the property to a third party.  Plaintiff brought this action, and from a judgment in his favor, defendants have appealed.

The original memorandum is not set out in the complaint, but what purports to be its legal effect is fully pleaded. Plaintiff alleges that the contract was in writing.  The land is described in the complaint by proper legal description, and it is alleged that defendants promised in writing to pay a commission of five per cent upon the sale price in the event and in consideration of plaintiff finding a buyer for the land. After making further recitation of the history of the transaction, plaintiff pleads the second contract and undertakes to

supply the omission of a promise to pay a commission by alleging:

"That at the time of signing and delivery of said contract of sale said listing contract was modified by defendants and each of them then and there orally ratifying said listing agreement for 5% commission, and by said defendant and each of them orally agreeing to pay plaintiff a commission of 2½% upon the $4,200."

The original contract falls squarely within the statute of frauds. This has been so long settled that we will not discuss it further than to cite the authorities. *Swartswood v. Naslin,* 57 Wash. 287, 106 Pac. 770; *Broadway Hospital and Sanitarium v. Decker,* 47 Wash. 586, 92 Pac. 445; *Rochester v. Yesler Estate,* 6 Wash. 114, 32 Pac. 1057; *Keith v. Smith,* 46 Wash. 131, 89 Pac. 473; *Foote v. Robbins,* 50 Wash. 277, 97 Pac. 103; *Forland v. Boyum,* 53 Wash. 421, 102 Pac. 34; *McCrea v. Ogden,* 54 Wash. 521, 103 Pac. 788; *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 26 L. R. A. (N. S.) 519. Plaintiff's right of recovery, therefore, must depend upon the second contract, aided by that part of the complaint which we have quoted and which he has sustained by his testimony, but here again we are met by the statute of frauds, which in terms provides that "an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission must be in writing." Rem. & Bal. Code, § 5289 (P. C. 203 § 3). The case, viewed from this aspect, falls within the case of *Forland v. Boyum, supra.* In that case, we said:

"The second writing is not a mere modification of the original contract so as to permit a recovery upon that theory. It is a complete independent contract, certain in all its terms, except the amount of the commission to be paid: . . . Resort must be had to parol testimony to ascertain the amount agreed upon. Nor would the offer of the original contract prove anything without resort to oral evidence to bring it within the issues tendered by the complaint."

This case has been consistently followed by this court. The last expressions of the court are to be found in *Orr Co. v. Interlaken Land Co.*, 74 Wash. 340, 133 Pac. 599, and *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030.

Respondent insists, however, that, inasmuch as the defendants made a general denial and did not affirmatively plead the statute of frauds, that they have waived that defense and must be held to pay the judgment rendered in the court below. They cite and rely upon the case of *Moses Land Scrip & Realty Co. v. Stack-Gibbs Lum. Co.*, 56 Wash. 529, 106 Pac. 207. In that case, the court quoted the general rule as it appears in the 9 Ency. Plead. & Prac., 705, and respondent rests his case upon that quotation. In so far as the law of this state is concerned, the text relied on does not state an absolute rule. We think the statute is available to the defendants. They made timely objection at the time of the trial. If the pleader sets out a contract that is within the statute, the defendant may properly demur or he may answer setting up the bar of the statute. If the pleading shows the contract to be in parol and it is admitted without challenge, it is generally held that the defense of the statute is waived. On the other hand, if a contract is plead that is without the statute, that is, that it is in writing, the pleading is not vulnerable to a demurrer, neither is the defendant bound to plead the statute in his answer. If he denies the contract as plead, the defense of the statute is open to him and the objection may be raised at the time of the trial. 9 Ency. Plead. & Prac., 708, 712, 713, 716; 20 Cyc. 320; Browne, Statute of Frauds (5th ed.), 508. Under our system of pleading, defendant is only required to answer the complaint that is made, and is not called on to answer or anticipate one that should have been made if the true facts had been pleaded. The best statement of the law covering the particular point in issue is to be found in *Taylor v. Merrill*, 55 Ill. 52.

"We are at a loss to understand how a party can be called upon to plead the statute of frauds to a parol contract for the conveyance of land, when he is not charged with having made such a contract. It could hardly be required of him to anticipate that the other party would prove a parol contract, when it is alleged that the existing contract was reduced to writing by the deliberate acts of the parties. It will be time enough for him to plead the statute of frauds for his defense when it is alleged against him that he has made a contract that comes within the purview of that statute."

This is especially so where, as in our state, the statute of frauds is unlike the statute of England, 29 Car. II, and statutes patterned thereafter. With us, such contracts are void and not merely voidable.

In *Popp v. Swanke*, 68 Wis. 364, 31 N. W. 911, parol evidence of an oral agreement for the sale of land was admitted on the trial without objection. At the close of the trial, the defendant requested the court to find as a fact that the contract was within the statute, and as a conclusion of law that it was void. It was held that this was sufficient to raise the question as to the invalidity of the contract.

In *Force v. Dutcher*, 18 N. J. Eq. 401, the complaint was sufficient if sustained by proof to carry the transaction over the statute. The statute was not pleaded in bar or set up as a defense in the answer. It was held that "no plea of the statute of frauds is necessary to bar such relief under the general prayer."

In *Taylor v. Howard*, 70 Wash. 217, 126 Pac. 423, the complaint did not show that the promise was not in writing. The general issue was tendered and the court held, "Under his denial the respondent was entitled to avail himself of the statute of frauds as a defense."

The reasoning that sustains this doctrine is simple. A valid contract is alleged and is denied. If the proof is legally insufficient to sustain the allegations of the complaint, the defendants may, as in all other cases, object to the incompetent testimony. In the instant case, the writing offered to

sustain the plaintiff's case was insufficient without a resort to oral testimony, and was therefore void under the statute. *Forland v. Boyum* and *Force v. Dutcher, supra.*

That an objection made upon the trial, where the vice of the contract is first disclosed by an offer of evidence, is intimated in the *Moses Land etc. Co.* case where, after noting that the statute had not been plead, the court says:

"Nor does the record affirmatively show that any such defense was urged upon the trial."

This goes beyond the true rule and should not be followed. The objection to the introduction of the writing, it appearing to be insufficient, should have been sustained; or, it having been admitted, the motion of the defendants for judgment at the close of plaintiff's case should have been granted.

On account of these errors, the judgment is reversed, and the cause will be remanded with instructions to dismiss.

CROW, C. J., MOUNT, PARKER, and GOSE, JJ., concur.