[No. 11960.  Department Two.  August 13, 1914.]

HOUTCHENS COMPANY, *Appellant*, v. B. F. NICHOLS *et al.*, *Respondents.*[1]

FRAUDS, STATUTE OF—CONTRACT FOR BROKER'S COMMISSIONS—DEFINITENESS.  A contract reciting that each party to an exchange of properties agrees to pay "a commission of two and one-half per cent, or such as agreed upon," is void as within the statute of frauds, since there is no definite basis on which to compute a commission, but merely an agreement for a commission to be subsequently agreed upon.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered November 12, 1913, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action on contract.  Affirmed.

*Oscar Cain,* for appellant.

*John Pattison,* for respondents.

MOUNT, J.—On June 4, 1912, the appellant as a real estate broker caused the respondent B. F. Nichols and one A. B. Olson to enter into a contract for the exchange of properties. The first paragraph of this contract recites that the respondent B. F. Nichols, in consideration of the agreement to be performed by Mr. Olson, will convey by warranty deed the lot upon which is located a certain fifty-six room apartment house, in the city of Spokane.  The second paragraph recites that A. B. Olson will convey certain real estate in Walla Walla county to Mr. Nichols in exchange for the Spokane property.  The third paragraph provides, that if either of the parties to the contract shall fail to perform the agreement, he shall be held unto the other in the sum of $2,000 as liquidated damages.  The contract then recites:  "Each party agrees to pay J. E. Houtchens Company a commission of 2½% or such as agreed upon."  The contract was signed

[1]Reported in 142 Pac. 674.

by Mr. Nichols and Mr. Olson. Mr. Nichols failed to comply with the agreement. The appellant then brought this action, alleging that the property belonging to Mr. Nichols was worth $78,000 and that its commission thereon was 2½ per cent, amounting to $1,950. For a second cause of action, it alleged that the property of Mr. Olson was worth $80,000, and seeks to recover damages in the sum of $2,000 for the loss of its commission by reason of the failure of Mr. Nichols to comply with his contract.

After the appellant had offered the contract in evidence, the trial court was of the opinion that it was within the statute of frauds, and for that reason directed a verdict in favor of the respondents. This appeal followed.

The sole question involved is the sufficiency of the contract. The statute, at Rem. & Bal. Code, § 5289 (P. C. 203 § 3), provides:

"In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (5) an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The contract in this case was a contract between Mr. Nichols and Mr. Olson. The contract did not state the value of either property, but it recited, as above stated, that each party agrees to pay a commission of 2½ per cent, or such as agreed upon. It is plain, we think, that the words "a commission of 2½ per cent or such as agreed upon" is not an agreement to pay a definite commission, but it is an agreement merely for a commission to be subsequently agreed upon. It might be less or more than 2½ per cent.

In *Forland v. Boyum*, 53 Wash. 421, 102 Pac. 34, where the contract was "their agreed upon commissions," we said:

"While there are cases holding that, under a statute similar to our own, the terms of the broker's contract do not have to

be set out in the memorandum or writing required by statute, the exact question has been before this court in the case of *Foote v. Robbins*, 50 Wash. 277, 97 Pac. 103, and in the case of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473, wherein it was held that the terms of the employment must be set out in writing. In the first case cited the court said: 'The unmistakable purpose of the statute was to avoid any such method (resort to oral evidence) of fixing the extent of the liability or the liability itself, of either a vendor or a vendee for the payment of a commission.' "

In the case of *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030, where a letter was written to the broker saying, "Keep working for this and we will pay you for your trouble if we can close with any of them," we said:

"But it is manifest that this is insufficient for the purpose under the authority of the cases of *Keith v. Smith*, 46 Wash. 131, 89 Pac. 473; *Foote v. Robbins*, 50 Wash. 277, 97 Pac. 103; *Forland v. Boyum*, 53 Wash. 421, 102 Pac. 34; and *Crouch v. Forbes*, 63 Wash. 564, 116 Pac. 14. These cases lay down the rule that a writing sufficient to satisfy the statute must be coextensive with the stipulations of the parties; that is to say, it must express the entire contract and leave nothing that pertains to the essentials of the contract to be supplied by parol. The contract here in question neither describes the property to be sold, nor specifies the amount of commission or compensation that will be paid for the services, and under the rule as we have heretofore announced it is plainly insufficient."

See, also, to the same effect: *Goodrich v. Rogers*, 75 Wash. 212, 134 Pac. 947; *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660. Under this rule, it is apparent that the contract in this case is prohibited by statute, and is therefore void, because no basis upon which to compute a commission is fixed by the contract, and no fixed commission is agreed upon. The trial court was therefore right when it directed a verdict in favor of the respondent.

The judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.