## GATES v. CARBON HILL COAL CO.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924.)

No. 4242.

Brokers ☞43(3)—Letter held not sufficient memorandum of employment of broker to sell timber.

Letter granting "an option for 10 days to purchase all the timber on sections * * * at a price of $3.50 per thousand, less a commission to you of 25 cents a thousand," *held* not sufficient memorandum of employment of addressee as agent to sell timber, under Rem. Comp. St. Wash. § 5825, being indefinite and incomplete.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action at law by B. E. Gates against the Carbon Hill Coal Company. Judgment for defendant (294 Fed. 591), and plaintiff brings error. Affirmed.

On the 2d day of July, 1923, the plaintiff in error and the defendant in error entered into the following written memorandum:

"Mr. B. E. Gates, Seattle, Wash.—Dear Sir: We hereby grant you an option for 10 days to purchase all the timber on sections 5, 8, 16, and 17, township 18 N., range 6 E. W. M., at a price of $3.50 per thousand, less a commission to you of 25 cents a thousand. It is understood that we may retain up to 3,000,000 feet of this timber.

"Carbon Hill Coal Company,
"By R. J. Wulzen, Mgr."

The second amended complaint alleges that at the times therein mentioned the plaintiff in error was engaged in the business of agent and broker in selling real estate and timber for other persons and parties for a compensation, in the state of Washington; that the defendant in error was the owner of the timber above described; that the plaintiff in error was the agent of one Fobes for the purpose of finding a body of timber in the state of Washington which the latter might purchase, and this fact was well known to the defendant in error; that the defendant in error wrote the letter above set forth; that the option to purchase the timber was taken in the name of the plaintiff in error, as agent, and for the use and benefit of Fobes, and this fact was also well known to the defendant in error, and it was so orally understood and agreed between the plaintiff in error and the defendant in error; that Fobes accepted the option, and was ready, able, and willing to carry out and perform the contract on his part; that the defendant in error repudiated the contract and refused to perform; that at the time of the execution of the contract there were upon the lands described 53,000,000 feet, log scale, of lumber; and that by reason of the foregoing facts there was due and owing to the plaintiff in error from the defendant in error a commission of 25 cents per 1,000, or the sum of $13,250 in all. To this complaint a demurrer was sustained, and, the plaintiff in error refusing

to plead further, judgment of dismissal followed. That judgment is now before us for review.

Benton Embree, of Seattle, Wash., for plaintiff in error.

Donworth, Todd & Higgins and R. M. Burgunder, all of Seattle, Wash., for defendant in error.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge (after stating the facts as above). Section 5825, 2 Rem. Comp. Stats. provides as follows:

"In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: * * * (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The sufficiency of the above memorandum to satisfy the requirements of this section is the principal question involved on the present writ of error. Looking to the written memorandum alone, there is an entire absence of any agreement authorizing or employing the plaintiff in error as agent or broker to sell the timber, or to pay him a commission. It simply grants to him a 10-day option to purchase for $3.25 per 1,000, and, as between the immediate parties, it is immaterial whether we call the 25 cents per 1,000 deduction a commission or a mere rebate. The plaintiff in error contends that the memorandum has a twofold purpose; that it is an agreement on the part of the defendant in error to sell the timber to Fobes, the disclosed principal, at $3.25 per 1,000, and an agreement to pay the plaintiff in error a commission of 25 cents per 1,000. The defendant in error, on the other hand, contends that the 25 cents per 1,000 is a mere deduction from the purchase price.

These several contentions demonstrate the infirmity of the memorandum, and its deficiencies have been pointed out in repeated decisions of the Supreme Court of the state construing the statute in question. Thus, in

1 F.(2d)—54

Cushing v. Monarch Timber Co., 75 Wash. 678, 684, 135 P. 660, 663 (Ann. Cas. 1914C, 1239) the court said:

"By an unbroken line of decisions we have held that, to meet this statute, the writing evidencing the agreement must be so complete in itself as to make a resort to parol evidence to establish any material element of the agreement unnecessary. The rule deduced from prior decisions and tersely expressed in Engleson v. Port Crescent Shingle Co., supra [14 Wash. 424, 133 P. 1030], is that 'a writing sufficient to satisfy the statute must be coextensive with the stipulations of the parties; that is to say, it must express the entire contract and leave nothing that pertains to the essentials of the contract to be supplied by parol.' The following decisions amply sustain that statement in all of its breadth. We cannot look beyond the writing itself to fix the liability. Swartswood v. Naslin, 57 Wash. 287, 106 Pac. 770; Keith v. Smith, 46 Wash. 131, 89 Pac. 473; Foote v. Robbins, 50 Wash. 277, 97 Pac. 103; Forland v. Boyum, 53 Wash. 421, 102 Pac. 34; McCrea v. Ogden, 54 Wash. 521, 103 Pac. 788; Crouch v. Forbes, 63 Wash. 564, 116 Pac. 14."

And, referring to that decision in the recent case of Levold v. Pederson (Wash.) 227 P. 510, the court said:

"In that particular case, and in some of the others cited in the above quotation, the contract was held not to be in writing in all its essential particulars, because not describing the land which the agent claimed to have been authorized to sell. In some other of the cases cited in the above-quoted language, the contract upon which the agent sought recovery of commission was held not to be in writing, because not containing any express promise to pay the claimed compensation or commission, though containing authorization to the agent to sell. Manifestly, a promise clearly obligating a contracting party is of the very essence of a contract, and when such promise is not expressed in the writing, plainly one of its most important essentials is wanting."

Measured by the foregoing rules, the second amended complaint failed to state a cause of action, and the judgment of the court below is therefore affirmed.