[No. 13722.    Department Two.    May 18, 1917.]

WILLIAM HALLORAN, *Appellant*, v. GERMAN AMERICAN MERCANTILE BANK, *Respondent*.[1]

BROKERS—COMPENSATION—CONTRACTS—RIGHT TO EARNEST MONEY. Where an owner refused to approve an option on real estate or sign earnest money receipts until payment to it of $1,000 paid to the brokers for the option, which provided for forfeiture of the sum to the brokers to the extent of their regular commissions in case of failure to complete the sale, the earnest money, in case of such failure, belongs to the owner and not to the brokers, where it appears that the purchaser did not agree to purchase the property and the owner had never entered into any binding agreement to pay a broker's commission (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 28, 1916, upon findings in favor of the defendant, in an action to determine conflicting claims to a deposit of earnest money forfeited under an option contract, tried to the court. Affirmed.

[1]Reported in 165 Pac. 80.

*Peterson & Macbride*, for appellant.

*Flick & Frater*, for respondent.

PARKER, J.—The plaintiff, William Halloran, as assignee of John Davis & Company, a real estate brokerage corporation, seeks recovery from the defendant, German American Mercantile Bank, of the sum of $1,000, which he claims is held in trust for him by that bank. The defendant claims the $1,000 as a forfeited payment of earnest money made upon a prospective purchase by F. H. Brownell of the property owned by it, hereinafter described. The defendant also insists that the plaintiff's claim is, in substance, a commission claim for the sale of the property, rested upon a void contract because not sufficiently evidenced in writing as required by Rem. Code, § 5289. Trial in the superior court without a jury resulted in findings and judgment in favor of the defendant, denying the plaintiff any recovery, from which he has appealed to this court.

The following earnest money receipt, while appearing to be dated December 4, 1915, and evidently signed by John Davis & Company on that date, was not signed by respondent until December 6, 1915.

"Seattle, Wash., Dec. 4, 1915.

"Received of F. H. Brownell one thousand dollars as earnest money, and in part payment for the purchase of certain real estate in King county, state of Washington, and particularly described as follows, to-wit: Lot twelve, block five of the heirs of S. A. Bells First addition to the city of Seattle, together with all improvements thereon, which we have this day sold to the said F. H. Brownell for the total purchase price of thirty-four thousand dollars, on the following terms, to-wit: one thousand dollars as hereinabove receipted for and balance of thirty-three thousand dollars to be paid on or before January 15, 1916. . . .

"If . . . the purchaser refuses or neglects to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to John Davis & Company to the amount of their regular commission, and

balance, if any, to the owner of the property as liquidated damages.

"The property is to be conveyed by warranty deed free and clear of all incumbrances of every nature whatsoever, to the said purchaser or his assigns.

"Time is the essence of this contract.

"John Davis & Company
"By B. J. Perkinson, Agents.

"I hereby agree to purchase the property on the above terms.                 ................ Purchaser.

"We, the owners of the above mentioned property, approve the above sale.        German American Mercantile Bank,
"By Ernest Carstens, Pres."

It will be noticed that this writing was not signed by the prospective purchaser, Brownell, though prepared in such form as to evidently contemplate that he was to sign it if he contemplated being bound to purchase the property to any greater extent than as upon a mere option. We also note that the evidence fails to inform us whether or not Brownell ever received or accepted this writing as evidencing any contract on his part looking to the purchase of the property by him. We assume, however, for argument's sake, that he did pay to John Davis & Company the $1,000 mentioned therein for the purpose stated, and in that manner became a party to the contract evidenced by the writing to the extent of its thereby becoming at least an optional contract on his part. Looking to the whole of the writing, including the sentence following the signature of John Davis & Company, and the following blank line manifestly provided for the signature of the purchaser, it may well be argued, as counsel for appellant do, that the writing evidences nothing more than an option contract on the part of Brownell, imposing no obligation on him to consummate the purchase and subjecting him only to the liability of forfeiting the $1,000 should he fail to pay the balance of the purchase price on or before January 15, 1916. On December 6, 1915, John Davis & Company paid to respondent $1,000, which we assume was this same $1,000, and

received from respondent a receipt therefor reading as follows:

"Seattle, Wn., Dec. 6th 1915

"Received of John Davis & Co., One Thousand 00-100 Dollars Earnest Money on 12 Block 5 (8th & Olive) of Heirs of S. A. Bells first Add. to Seattle.

"Balance of $33,000 to be pd. by Jan. 15, 1916.

$1,000            "German-American Mercantile Bank
                      "By Ernest Carstens, Pres."

Respondent refused to sign either of these earnest money receipts until it was actually paid this sum as earnest money looking to the purchase of the property by Brownell. Thereafter Brownell failed to make any further payments, and the time for the payment of the balance of the purchase price having expired, all parties proceeded upon the assumption that Brownell had forfeited all right to make the purchase and to the $1,000 paid by him. Thereafter appellant acquired by assignment from John Davis & Company all its rights under the earnest money receipt given to it by Brownell, and thereafter this action was instituted by appellant, resulting in judgment denying him recovery from respondent as above noticed.

Counsel for appellant proceed upon what is in substance a trust theory in claiming repayment of all of the $1,000 from respondent. This theory is rested upon the language of the earnest money receipt given to Brownell by John Davis & Company that, "if the purchaser refuses or neglects to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to John Davis & Company to the amount of their regular commission, and balance, if any, to the owner of the property as liquidated damages," together with the testimony concededly showing that the regular commission on a $34,000 sale would be $1,100. It is worthy of note in this connection that the earnest money receipt given by John Davis & Company to Brownell is upon a printed form in which the last above quoted language therefrom appears in print. This fact seems

to account for the language which provides for forfeiture of the surplus of the $1,000 to the owner, which language is manifestly of no effect in view of the conceded fact that there could in no event be any surplus over the commission. It is insisted that this testimony as to the amount of the regular commission on such a sale is not for the purpose of proving a commission liability on the part of respondent, but only to show the extent of the interest of appellant in the $1,000. This manifestly is for the purpose of avoiding the effect of § 5289, Rem. Code, requiring a commission contract to be in writing, which section, as we have held, means that the amount of the commission, as well as the other elements of the contract, must be evidenced in writing. *Forland v. Boyum*, 53 Wash. 421, 102 Pac. 34; *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030; *Goodrich v. Rogers*, 75 Wash. 212, 134 Pac. 947; *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239. As further evidencing this theory of counsel for appellant, we find in their brief the following:

"Respondent did not bind itself to pay a commission, and did not in any way promise or agree to pay a commission. Appellant could not recover a commission unless it effected a sale; procuring an option merely does not entitle it to a commission."

Now we may concede that if this were a controversy between Brownell and John Davis & Company, the language of the earnest money receipt given to Brownell by John Davis & Company would preclude him from recovering from John Davis & Company the $1,000, since Brownell agreed to forfeit the earnest money so paid by him upon his failure to consummate the purchase. But whether the $1,000 shall be forfeited to and repaid to appellant, John Davis & Company's assignee, as against respondent, after having been voluntarily paid to respondent by John Davis & Company to secure the execution of the contract by respondent, is quite a different question. To say that respondent shall return the $1,000

paid to it by John Davis & Company in consideration of respondent entering into this contract, which counsel for appellant insists is only an option contract in favor of Brownell to purchase the land, would be to destroy the very consideration which makes the contract binding and effective as against respondent.

It may be that the earnest money receipt given by respondent to John Davis & Company would entitle John Davis & Company to compel conveyance of the property to itself upon paying the balance of the purchase price as therein stated, but that is not asked for here. Indeed, that earnest money receipt is not assigned to this appellant who is here seeking relief. It is, however, material evidence in this controversy as showing, with other evidence, that the $1,000 was paid to respondent by John Davis & Company as the consideration which rendered the contract binding upon respondent.

There is evidence in this record which seems to plainly show that John Davis & Company was acting as the agent of Brownell in seeking the purchase of this property from respondent, and that Brownell agreed to pay John Davis & Company a commission of $1,000 therefor upon completion of the purchase at the price of $34,000. This fact is not noticed here as a suggestion that John Davis & Company was attempting to collect compensation from both Brownell and respondent. But it emphasizes the untenable position here taken by counsel for appellant.

We are of the opinion that under no view of the controversy can it be held that respondent is required to repay to appellant, as assignee of John Davis & Company, the $1,000 which was received by it in consideration of its entering into the contract giving Brownell the right to consummate the sale.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, and MOUNT, JJ., concur.

HOLCOMB, J. (dissenting)—I am of the opinion that the written agreement, having been signed by respondent, ac-

cording to its specific terms, upon the default of the option purchaser, the earnest money was, as stated in the agreement, "forfeited to John Davis & Co., . . . as liquidated damages."

Appellant, as assignee of the cause of action, should therefore recover. I therefore dissent.