[No. 17316. Department Two. April 20, 1923.]

GEORGE ORAVETZ, *Appellant,* v. G. S. CRUSON,

*Respondent,* ANDREW ORAVETZ, *Appellant.*[1]

FRAUDS, STATUTE OF (35)—CONTRACTS—SALE OF REAL PROPERTY—
MEMORANDUM—DESCRIPTION OF LANDS. Negotiations for the purchase
of land, carried on by correspondence which nowhere described the
property, are insufficient to establish a contract enforcible under the
statute of frauds.

LICENSES (18)—LOGS AND LOGGING (1, 2)—CUTTING TIMBER—
RIGHTS OF PAROL LICENSEE. A parol license to cut timber upon land
is not revoked by the grantor's execution of a deed, until the title is
vested by delivery of the deed, where the grantee had no binding
contract to purchase the property; and the licensee is not liable
for cutting timber between the date of execution and the date of de-
livery of the deed.

SAME. The delivery of the deed of property operates to revoke
the grantor's prior parol license to cut wood thereon.

SAME. One having a parol license to cut timber, has a reason-
able time after revocation of the license within which to cut up
and remove trees already felled.

Appeal from a judgment of the superior court for
King county, Carey, J., entered July 21, 1921, upon
findings in favor of the defendant, in an action in re-
plevin, tried to the court. Reversed.

*Ned Roney,* for appellants.

*Rummens & Griffin,* for respondent.

MAIN, C. J.—The plaintiff brought this action in
replevin to recover approximately 300 cords of wood,
and, in the alternative, the value thereof. The defend-
ant G. S. Cruson appeared by answer and cross-com-
plaint, and by the latter Andrew Oravetz, a son of the
plaintiff, was made an additional party. The cross-
complaint was controverted by the plaintiff. The trial

[1] Reported in 214 Pac. 828.

resulted in findings and judgment to the effect that the defendant Cruson was the owner of 150 cords of the wood and that the balance was owned by Oravetz & Son; and they were given 45 days in which to remove their portion from the premises upon which it had been cut. From this judgment, Oravetz & Son appeal.

Sometime during the year 1912, the then owner of a certain 80-acre tract of land in King county, by oral license, authorized George Oravetz, who was a charcoal burner, to cut and remove timber therefrom. Sometime later the son of Oravetz became associated with him and they did business under the name of Oravetz & Son. Under this license wood was cut upon the premises during the lifetime of the then owner, Anthony Comstock, and after his death by permission of Harry Comstock, a son, to whom the property descended. Sometime during the summer or fall of the year 1920, G. S. Cruson, the respondent, began negotiations with Harry Comstock, who resided in the city of Denver, in the state of Colorado, for the purchase of the property. These negotiations were carried on by correspondence. The letters of Comstock to Cruson are in the record, but the letters of the latter to the former were not introduced. Oral testimony was offered as to their contents and received over objection. In the correspondence introduced in evidence the property which was the subject-matter of the negotiations is nowhere described. On October 14, 1920, Comstock wrote Cruson, among other things, that, in consideration of his offering cash, a deed would be sent through a bank and would be delivered when the money was paid. Subsequent to this, and on the 12th day of November, 1920, Comstock executed a deed and forwarded it to a bank in the city of Seattle. On December the 7th or 8th the money was paid to the bank and the deed

delivered, which was immediately thereafter filed for record.

On about October the 19th, and while the negotiations were pending, the respondent claims to have posted notices on the property directing that the cutting of wood thereon cease. The evidence upon this point is in dispute. Again, on November the 24th, he posted other notices, and about this there is no controversy. The respondent claims that, subsequent to the posting of the first notice, and also of the second, the appellants continued to fall trees and cut them into cord wood. The appellants admit cutting timber up until the 24th of November, but deny that they felled any trees after that date. They admit, however, that subsequent thereto they cut into cord wood the trees which had already been cut down. The trial court found, among other things:

"That on the 12th day of November, 1920, the defendant G. S. Cruson became the owner in fee simple and entitled to the immediate possession of the east half of the southwest quarter of Section thirty-two (32), Township twenty-one (21) north, Range five (5), E. W. M., in King county, Washington, and ever since said time has been and now is the owner and entitled to the possession thereof. . . ."

The court further found that Oravetz & Son did not act in good faith in cutting wood subsequent to November the 12th. This finding apparently is based on the assumption that the title to the property passed on that date, which was the day the deed was executed in the city of Denver. Prior to the time of the delivery of the deed, the respondent Cruson had no contract for the purchase of the property which was enforceable under the statute of frauds. The correspondence, as already stated, that was introduced in evidence nowhere described the subject-matter of the sale, and

this was an essential part of such a contract. *Swarts-wood v. Naslin,* 57 Wash. 287, 106 Pac. 770; *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239.

There was no proper foundation laid for oral testimony as to the contents of the letters written by Cruson to Comstock, and this testimony is not properly in the record; and if it were, no contract was proven which would satisfy the statute of frauds. From this it necessarily follows that, prior to the date of the delivery of the deed, Cruson had no interest in the property such as would give him the right to terminate the parol license under which the wood was being cut. When the title was transferred by the delivery of the deed, this operated as a revocation of the parol license. *Bruley v. Garvin,* 48 L. R. A. (Wis.) 839; 17 R. C. L. 586.

Subsequent to this, however, Oravetz & Son had a reasonable time in which to cut up the timber already felled and remove it from the premises. *Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac. 863; *Giles v. Simonds,* 15 Gray's Rep. (Mass.) 441; Tiedeman on Real Property (3d ed.), § 466, p. 661.

The respondent contends that timber was felled subsequent to November the 24th, and also subsequent to December the 8th, the date of the delivery of the deed and the filing of it for record. It is not material to discuss the testimony as to what happened prior to the date of the delivery of the deed, though it may be said that, in our opinion, the evidence plainly shows that no timber was felled subsequent to November the 24th. There is some evidence, slight it is true, that timber was felled subsequent to the delivery of the deed, but the great weight of the evidence is to the contrary. The trial court found that, subsequent to

November the 12th, Oravetz & Son felled trees and cut them into cord wood, but there is no finding that they felled and cut into cord wood any trees subsequent to November the 24th, or subsequent to December the 8th. The error of the trial court was in assuming that the title in fee simple passed, as the findings state, on November the 12th, the date of the execution of the deed; and the judgment entered followed as a result of this finding. No timber having been cut down subsequent to the time when the deed was delivered and recorded, which was the first date that the respondent was authorized to speak with reference to the property, Oravetz & Son were legally entitled to cut into cord wood all the timber which had been felled prior to that time; and thereafter have a reasonable time in which to remove it from the premises.

The appellants also claim the right by supplemental complaint to damages, because they allege that the respondent had injured and destroyed a road over which it was necessary to haul out the wood. Under the evidence, Oravetz & Son are not entitled to a judgment on this item. The appellants are entitled to their costs in this court as well as in the trial court.

The judgment will be reversed, and the cause remanded with direction to enter a judgment giving effect to the views above indicated.

FULLERTON and TOLMAN, JJ., concur.