[No. 15762.    Department One.    August 4, 1920.]

## B. A. LEWIS, *Respondent*, v. ELLIOT BAY LOGGING COMPANY, *Appellant*.[1]

FRAUDS, STATUTE OF (34)—SALE OF GOODS—MEMORANDUM—SUFFICIENCY. A letter written by the seller of logs, offering to let the buyer have "fir" at a certain price is insufficient as a memorandum to satisfy the statute of frauds, since it failed to designate the quantity to be sold.

SAME (34)—SALE OF GOODS—MEMORANDUM—SUFFICIENCY. Where a memorandum, signed by the seller of goods, failed to designate the quantity to be sold, he cannot be held liable upon the letter of the buyer which, for the first time, sufficiently designated the quantity of the subject-matter of the sale, since the seller could not be charged upon a memorandum which he did not sign.

SAME (34, 58)—SALE OF GOODS—MEMORANDUM—PAROL EVIDENCE TO SHOW ESSENTIALS. The quantity of the subject-matter of a sale of goods being an essential term of the memorandum of sale, parol evidence is not admissible to show that the word "fir," used in a letter written by the seller to the buyer, referred to a raft of logs and the quantity thereof.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 18, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Byers & Byers,* for appellant.

*George Harroun,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for failure to deliver logs which it is claimed

[1]Reported in 191 Pac. 803.

the defendant had sold to the plaintiff. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $241.66. The defendant timely made motions for judgment notwithstanding the verdict and for a new trial, both of which were overruled, and judgment was entered upon the verdict. The defendant appeals. The essential facts may be stated as follows:

The appellant is a corporation organized under the laws of the state of Washington, engaged in the logging business at Dabob, Washington. The respondent is engaged in the business of buying and selling logs. On the 25th day of April, 1917, the respondent visited Dabob and looked over a boom of logs owned by the appellant, consisting of about 300,000 feet, and had a conversation with the president of the appellant company with reference to purchasing these logs, together with sufficient logs to be brought from the woods to constitute a raft. The logs at the time had not been rafted. Subsequently the 300,000 feet in the boom were rafted with other logs brought from the woods, and in the raft as made up there was approximately 470,000 feet. On the day following the conversation mentioned, one of the trustees of the appellant wrote respondent a letter which contained the following:

"Having been away from camp the day you was here and Mr. Leber sold fir to you for $7-10-13 . . . so therefore under the condition we let you have fir at $7-10-13 delivered in Everett or Seattle . . ."

After receipt of this letter and on April 28, the respondent wrote appellant a letter containing the following:

"Your letter of the 26th inst., is received, in which you agree to let me have the raft of fir logs to be delivered in Seattle by you at $7.00-$10.00 and $13.00,

. . . and I will take the fir logs as per your offer at the above prices . . ."

It should be noted that, in appellant's letter, the subject-matter of the sale is referred to simply as "fir." There is no mention of the quantity. In the respondent's letter, for the first time, the subject-matter is referred to as "a raft of fir logs." As above stated, the logs were not delivered and, since the price of logs had advanced, this action was brought for the purpose of recovering damages.

The first question to be determined is whether the letters referred to constitute a sufficient memorandum to satisfy the statute of frauds. One of the essentials of a memorandum under the statute is that it shall designate the subject-matter of the contract.

Considering, first, the letter signed by the appellant, there is no designation therein of the quantity, but the subject of the sale is referred to simply as "fir." The rule as stated in Mechem on Sales, vol. 1, § 437, is that "the note or memorandum must also show what goods were sold and in what quantities. This rule requires that the goods sold shall be set out either by name or by such description as will enable them to be ascertained without other recourse to parol evidence to identify the goods or apply the description to them." Under this rule it is necessary that the note or memorandum show in "what quantities" the goods are sold. In 25 R. C. L. 648, the rule is stated substantially the same as in Mechem, and is as follows:

"In case of contracts for the sale of goods the memorandum must designate with reasonable certainty the subject-matter of the sale, and where the sale is of a quantity of a commodity the quantity must be stated with reasonable certainty as well as its kind."

This rule requires that the quantity be designated in the memorandum. The letter written by the appellant,

which referred to the subject-matter of the sale as "fir," did not sufficiently designate the quantity. The respondent, however, argues that the two letters should be considered together. It is true that, where the memorandum consists of telegrams or letters, they may be construed together, providing they are sufficiently connected by reference. In the letter of the respondent, the quantity of the subject-matter, namely, "a raft of fir logs," is for the first time designated. Under the authorities above cited, this was one of the essentials of the memorandum.

The question then arises, the memorandum of the appellant, which is sought to be charged, not sufficiently describing the subject-matter, can it be held upon the letter of the respondent, which for the first time contains that essential term of the contract? Respondent cites a number of cases upon this question, all of which have been carefully read and considered, but none of them would sustain a holding that the appellant could be charged upon a memorandum which it did not sign and which designated the quantity, where the writing signed by the appellant did not sufficiently designate the subject-matter in that respect. They are cases where the party sought to be charged signed a memorandum which contained all the essential terms of the contract and which was simply accepted by the opposite party, or cases where the party sought to be charged had accepted the terms as they were written by the opposite party. They are, therefore, not applicable to the facts in the case now before us. The respondent also cites a number of authorities to sustain his contention that the word "fir" as used in the letter of the appellant was a sufficient designation of the subject-matter and that oral testimony was admissible for the purpose of showing that that word referred

to a raft of logs and the quantity thereof. In all the cases cited, with possibly one exception which will be specially noticed, the memorandum contained language which made the quantity reasonably certain. It cannot be said that simply the word "fir" bears any relation to the quantity. We have not overlooked the rule that the situation of the parties and the surrounding circumstances at the time when the contract was made may be shown for the purpose of applying the contract to the subject-matter, but this rule does not go to the extent of permitting an essential term of the memorandum to be shown by oral testimony.

The case of *Brewer v. Horst & Lachmund Co.,* 127 Cal. 643, 60 Pac. 418, is probably the most closely in point of any case cited by respondent, but that case when carefully read is distinguishable. There, a telegram to a hop dealer by his agent, stating "bought thirteen at eleven five-eighths net you; confirm purchase by wire," with the reply by the dealer to the effect that "we confirm purchase eleven five-eight cents, like sample," was held to constitute a sufficient memorandum, since it was shown by parol evidence that, according to the custom of the hop business, the words were understood by the parties to mean an agreement to purchase a certain quantity of hops of a certain grade for a certain price. There is no showing in the present case that the word "fir," according to the custom of the business, had any particular meaning. The case of *Wright v. Seattle Grocery Co.,* 105 Wash. 383, 177 Pac. 818, is cited and relied on by both parties, but that case does not discuss or determine the question here involved. There the memorandum designated the subject-matter as "1 car" of flour, and it was held that the parol evidence was admissible to explain what the term "1 car" of flour meant and that

the price agreed upon was in full for that quantity. There is nothing in that case which would sustain a holding that, where a memorandum does not sufficiently designate the subject-matter, in that it does not fix the quantity with reasonable certainty, this fact may be shown by oral evidence.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

HOLCOMB, C. J., PARKER, BRIDGES, and MITCHELL, JJ., concur.