KENNEDY PRINTING CO. v. ROSENTHAL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8834. Decided Mar. 5, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

891. PARTIES—851 Notice.
Notice, by one partner, that partnership will not be liable for goods purchased by other partner, held not to relieve partnership of liability.

Error to Municipal Court.
Judgment reversed.

Sogg & Woodle, Cleveland, for Printing Co.
Ulmer & Berne, Cleveland, for Rosenthal.

FULL TEXT.

Per Curiam
The parties are in the same relation as they were in the trial court. The Kennedy Printing Company entered suit against Samuel S. Rosenthal on account of a bill for printing ordered by a partner of Samuel S. Rosenthal. It was conceded in the evidence that the party who ordered the printing was a partner of the defendant, but it is contended that the defendant had served notice on the Kennedy Printing Company, to the effect that it will not be responsible for any of the bills ordered by said partner, or something to that effect. It must be kept in mind that a partnership is a legal entity which, when once formed, continues to exist until dissolved by the act of the parties or by operation of law. As long as the partnership continues, each partner continues to act as the agent of the other, and the mere notice, even if given would not absolve the partnership from liability.
The judgment of the Municipal Court is, therefore, ordered reversed and the case remanded.
Sullivan, PJ., Vickery and Levine, JJ., concur.

---

BOWSER et v. BAUMEYER et.

Ohio Appeals, 6th Dist., Huron Co.

No. 240. Decided Apr. 26, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1105. STATUTE OF FRAUDS—959. Promissory Notes—313. Corporations.
Promise of stockholders to indemnify directors against loss, by reason of signing note for purpose of raising money for corporation, is within statute of frauds, and must be in writing.

Error to Common Pleas.
Judgment affirmed.

Young & Young, Norwalk, for Bowser et.
G. Ray Craig, Norwalk, for Baumeyer et.

FULL TEXT.

RICHARDS, J.
The plaintiffs brought an action to recover of the defendants on a contract not in writing. Their second amended petition was met by demurrer based on the ground that it did not state facts sufficient to constitute a cause of action and that the contract was within the statute of frauds. On the consideration of the trial court the demurrer was sustained and plaintiffs not desiring to plead further, a final judgment was rendered dismissing the action.
We learn from the averments of the second amended petition that the plaintiffs on and prior to June 30, 1920, were directors of The North Fairfield Elevator Company, a corporation, and the defendants were engaged as partners under the name of Baumeyer Brothers, and were the owners of two shares of stock in the corporation of the par value of $100.00 each. The pleading avers that about the date named it became necessary for the corporation to secure a loan of $15,000.00 and that in order to secure the amount it was necessary for these plaintiffs to pledge their personal credit. They aver that about the date named they entered, as directors, into a verbal agreement with the defendants and certain other stockholders of the elevator company by which, in consideration of the agreement of the defendants and other stockholders to stand back of the plaintiffs, the plaintiffs each gave his personal notes to The North Fairfield Savings Bank Company in the sum of $1800.00.
The second amended petition then avers:
"That said defendants and each one of the other stockholders above referred to agreed that if these plaintiffs should suffer any loss by reason of so signing the notes aforesaid, said defendants would, to the extent of an amount equal to the par value of the stock held by said defendants, indemnify plaintiffs against such loss."
It appears from the averments of the pleading that upon securing said agreement with the defendants and other stockholders, the plaintiffs executed their promissory notes to the bank and turned the proceeds over to The North Fairfield Elevator Company. The elevator company became insolvent and its affairs were liquidated through the court and the amount remaining was insufficient to pay its debts and plaintiffs have been compelled to pay the notes which they executed to the bank and they aver that in addition to paying their own shares under the agreement they have each paid the sum of $986.92 upon the notes, together with interest, and they ask judgment against the defendants in the amount of $200.00.
The verbal promise by the defendants as pleaded was to indemnify the plaintiffs against whatever loss they would suffer by reason of signing the promissory notes to the bank, the liability of the defendants being limited to the amount of stock held by them. This promise would be within the inhibition of the statute of frauds, as it was a promise to answer for the debt, default or miscarriage of another and, being oral, no action would lie thereon. The case is controlled by the following Ohio authorities:

Easter vs. White, 12 Ohio St., 219;
Kelsey vs. Hibbs, 13 Ohio St., 340;
Ferrell vs. Maxwell, 27 Ohio St., 383.

A case directly in point which has been cited by counsel is Goldie-Klenert Distributing Co. vs. Bothwell, 121 Pac., 60. This case was decided by the Supreme Court of the State of Washington and holds that the statute of frauds applies to a collateral oral promise by a stockholder to pay for goods to be delivered to the corporation.
The trial court was correct in sustaining the demurrer to the second amended petition and the judgment will be affirmed.
(Williams and Lloyd, JJ., concur.)