[No. 22805. Department One. March 12, 1931.]

BAILLARGEON, WINSLOW & COMPANY, *Respondent*, v.
WM. G. WESTENFELD *et al., Appellants.*[1]

*H. J. Gielens,* for appellants.
*J. H. Blakiston* and *U. E. Harmon,* for respondent.

MAIN, J.—This action was brought to recover the purchase price of corporate stock. The defendants resisted the action, and affirmatively pleaded the statute of frauds. The trial was to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to recover.

[1]Reported in 295 Pac. 1019.

Judgment was entered against the defendants in the sum of $680, from which they appeal.

The facts are these: The respondent is a corporation which was engaged in the business of selling investment securities. The appellants are husband and wife; and Mrs. Westenfeld will be referred to as though she were the only party on that side of the controversy. September 4, 1929, appellant, by oral contract, agreed to purchase from the respondent twenty shares of Utilities Power & Light Corporation capital stock at the price of thirty-four dollars per share, or a total of $680. At the time the agreement to purchase was made, no payment was made on the purchase price, nothing was given in earnest to bind the contract, no memorandum in writing was made, and the stock was not delivered. Later, during the same day, respondent prepared and mailed to appellant a confirmatory letter in words and figures as follows:

"BAILLARGEON, WINSLOW & Co.
"Investment Bonds
"Washington Building, Tacoma
"Broadway 2199
"September 4, 1929.
"Mrs. Ida Leonore Westenfeld,
"Peoples Store,
"Tacoma, Washington.
"We take pleasure in confirming:
"THE SALE OF:
"20 shs. Utilities Power & Light Common          34
"Delivery ........................
"We appreciate this business and thank you for it.
"Very truly yours,
"BAILLARGEON, WINSLOW & Co.
"By FRANK E. LAWRENCE (Sd.)"

September 9, 1929, at the solicitation of an agent of the respondent, the appellant signed what is called in the record a "stock power," which was in this form:

"FOR VALUE RECEIVED ............ hereby sell, assign and transfer unto ............ Twenty (20) shares of the Common Capital Stock of the Utilities Power & Light Corporation standing in ............ name on the books of said ............ represented by Certificate No. ............ herewith and do hereby irrevocably constitute and appoint ............ attorney to transfer the said stock on the books of the within named Company with full power of substitution in the premises.

"Dated ............

"(MRS.) IDA LENORE WESTENFELD (Sd.)
"In Presence of
   "CHARLES E. KINCAID (Sd.)"

The stock was issued November 27, 1929, and, in the early part of December following, was tendered to appellant, which tender was refused. Thereupon this action was brought, as above stated, to recover the purchase price.

The first question is whether the confirmatory letter above referred to satisfies the requirements of the statute of frauds.

Section 5836-4, subd. (1), Rem. 1927 Sup., which is one of the sections of the uniform sales act, reads as follows:

"A contract to sell or a sale of any goods or choses in action exceeding the value of $50 shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

This section, while differing a little in language, is substantially the same as the prior statute of frauds (Rem. Comp. Stat., § 5826). It will be observed that one of the requisites of the statute is that the memorandum in writing of the contract of sale must "be

signed by the party to be charged or his agent in that behalf.'' The letter above quoted was not signed by appellant or anyone in her behalf, and, consequently, it does not meet the statutory requirement in that regard.

The case of *Wright v. Seattle Grocery Co.*, 105 Wash. 383, 177 Pac. 818, was based upon different facts. There, the sales agent of the defendant sold to plaintiff a carload of flour, and delivered to him a copy of a memorandum of sale in which the defendant's name was inserted, though no actual written signature was made. The agent negotiated the sale, and entered the terms of sale on the blank form used by defendant in dealing with customers, which form contained at its top the name of the defendant as the contracting party. Subsequently, the defendant refused to deliver the flour, and the action was brought for breach of the contract. It was held that, under the particular facts of that case, the name of the defendant as it appeared in the memorandum of sale was a sufficient signature under the statute of frauds. There is nothing like that in the case now before us. The fact that the respondent placed the name of the appellant at the head of the confirmatory letter does not create a signing on her part which would satisfy the requirements of the statute.

The next question is whether the stock power met the statutory requirements. It will be observed that this does not purport to be a memorandum of the contract by which the respondent sold the stock to appellant, and it in no manner refers either to that transaction or to the confirmatory letter. On its face, it purports to be a sale by the appellant to a person not named, and an authorization to transfer the stock on the books of the company. Assuming, however, that the stock power may be considered as evidencing

the previous transaction, it is defective in at least two material particulars, in that it does not mention a purchaser, and does not fix a price. A memorandum, to be sufficient under the statute, must contain the essentials of the contract, so that they may be ascertained from the writing or writings without resort to oral evidence. In Mechem on Sales, volume I, § 433, p. 360, under the heading "What Note or Memorandum is Sufficient," it is said:

"To satisfy the requirements of the statute, the note or memorandum must, in general terms, contain a statement of all of the essential terms of the contract, naming or describing with reasonable certainty the parties thereto; describing or furnishing reasonably certain means for identifying the property; stating the price, when agreed upon, or showing the data from which it may be ascertained; and setting forth all of the essential terms, as to time and place of payment and delivery, the terms of credit, or other incidents of the agreement. It must also be a note or memorandum of the entire contract and not simply of the major portion of it."

In *Coleman v. St. Paul & Tacoma Lumber Co.,* 110 Wash. 259, 188 Pac. 532, referring to the statute of frauds, it is said:

"Under this statute, we have held that the writing, when alone relied upon to relieve from the bar of the statute, must in itself contain all of the terms of the contract. While we have said that the writing need not be formal and may contain implied conditions and may use trade terms or abbreviations requiring explanation, without subjecting it to the fault of incompleteness, yet it must be so far complete in itself, after effect is given to the implied conditions and the trade terms and abbreviations are explained, as to show the bargain made. *Nut House v. Pacific Oil Mills,* 102 Wash. 114, 172 Pac. 841; *Wright v. Seattle Grocery Co.,* 105 Wash. 383, 177 Pac. 818."

The defense of the statute of frauds was available to appellant, and, the requirements of that statute not having been met, there could be no recovery by respondent.

The judgment will be reversed, and the case remanded with direction to dismiss the action.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.