L. N. GRANT, *Respondent*, v. LEE LEWIS AUVIL *et al.*,
*Appellants.*[1]

[1]Reported in 238 P. (2d) 393.

*Warren J. Gilbert* and *Harwood Bannister,* for appellants.

*Alden B. Whalen,* for respondent.

WEAVER, J.—Plaintiff is entitled to recover upon his first cause of action if the contract upon which he sues is evidenced by "some note or memorandum in writing of the contract or sale . . . signed by the party to be charged." Rem. Rev. Stat., § 5836-4(1).

It is admitted that the subject matter of the transaction exceeded fifty dollars in value; that no part of the goods had been accepted, or actually received; that nothing had been given in earnest to bind the contract; and that part payment had not been made. The initial memorandum upon which plaintiff relies is as follows:

"GRANT'S POULTRY FARMS

"Clinton, Wash.                                  Langley, Wash.
"General Delivery Phone ——        R.R. No. 1, Box 119
                                                        Phone 2315A

"Date 10/12/49
"Please accept my Order for the following:
    "4200 Day Old *Poults*. . . . . . . . . . . . . . . .@............c $.................
"I want this order delivered to me about *March 1st-10th 50*

(We will appreciate your giving us a 10-day period—For
    example Feb. 1-10)
"This order given with the understanding that you guarantee the shipment to reach me in good condition, and as near above date as possible.
"Prices include delivery within 50-mile radius of Everett or Langley.
"Shipping or delivery instructions: ...........................................:.................
"Remarks: ...........................................................................................

FILL IN CAREFULLY

"My Name is *Lee Auvil*
"Postoffice Address *Oak Harbor*

"Street or Route............................................ Phone...........................
"Nearest Express Office................................................................

*L. M. G.*
Salesman"

It is a printed form. The italicized portion is written. It is not signed by either of the defendants, and plaintiff admits that, standing alone, the memorandum is not sufficient.

March 4, 1950, defendant Lee Auvil mailed plaintiff the following postal card:

"Dear Mr. Grant: I have decided to not raise any turkeys this year, so will you please cancel my *order?* I hope this doesn't inconvenience you any to cancel at such a late date. I haven't forgotten that I owe for your gas brooders and I'll be sending you a check as soon as I get squared around.
Sincerely,
Lee Auvil" (Italics ours.)

Rem. Rev. Stat., § 5836-4(1) [P.P.C. § 854-7], so far as here material, reads as follows:

"A contract to sell or a sale of any goods or choses in action exceeding the value of $50 shall not be enforceable by action unless . . . some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

■ The memorandum must meet the evidential requirements of the statute. It must exist before the contract can be proved. Any form is sufficient so long as it has the necessary requisites. After the existence of a sufficient memorandum has been established, parol proof is then proper to show that it applies to the subject matter of the action.

Can the signed postal card be read with the unsigned instrument of October 12, 1949, so that together they constitute a sufficient note or memorandum of the contract which will satisfy the statute?

■ In order to satisfy the requirements of § 5836-4(1), the note or memorandum may consist of several writings, though the writing containing the requisite terms is unsigned, if it appears from an examination of all the writings that the writing which is signed by the party to be charged was signed with the intention that it refer to the *unsigned*

*writing,* and that the writings are so connected by *internal reference* in the signed memorandum to the unsigned one, that they may be said to constitute one paper relating to the contract. 1 Restatement, Contracts 283, § 208; see *Jones-Scott Co. v. Ellensburg Milling Co.,* 108 Wash. 73, 183 Pac. 113; *Lewis v. Elliott Bay Logging Co.,* 112 Wash. 83, 191 Pac. 803; *Baillargeon, Winslow & Co. v. Westenfeld,* 161 Wash. 275, 295 Pac. 1019.

██ Since the purpose of the statute is to require a formality of proof in order to make the contract enforcible, it is immaterial with what purpose the requirement of the statute is fulfilled. It is not essential that the signed memorandum be intentionally made as a memorandum of the contract. 1 Restatement, Contracts 286, § 209; 1 Williston, Sales (Rev. ed.) 303, § 106. The document signed by the party to be charged (other requisites being present) may even attempt to cancel or repudiate the agreement, and, nevertheless, be operative to satisfy the statute. 2 Corbin, Contracts 741, § 511. Hence, the efficacy of the postal card is not determined by the fact that it is a cancellation of the *order.*

Does the signed memorandum contain *internal reference* to the unsigned memorandum so that we can say, without resort to parol evidence, that the requirements of the statute have been met? Or, stated more objectively, does the word "order" in the postal card refer to the prior tangible unsigned memorandum or does it refer to the transaction?

This may seem too fine a distinction to be drawn, yet the American Law Institute has foreseen the situation:

"A and B enter into an oral contract and make a complete written memorandum thereof, but do not sign it. Later, A writes and signs a letter to B, referring to the 'agreement between us.' It is a question of interpretation whether the word 'agreement' in this letter refers to the document made by the parties, or to the intangible agreement evidenced by the document. In the former case there is a sufficient memorandum to charge A; in the latter case there is not." 1 Restatement, Contracts 286, § 208, Illus. 9.

How, then, is this question of interpretation resolved? Our former cases, although helpful, are not deteminative of the question here presented.

■ If the signed memorandum makes no reference to the unsigned memorandum, they may not be read together. Parol evidence is inadmissible to connect them. *Swank v. Liquidators*, 160 Wash. 50, 294 Pac. 563; *Baillargeon, Winslow & Co. v. Westenfeld, supra*; Annotation, 85 A. L. R. 1205.

■ Here, we have nothing to indicate that the postal card refers to an extrinsic writing. It does not identify the unsigned written memorandum of October 12, 1949, nor does it identify any of its terms. *Martinson v. Cruikshank*, 3 Wn. (2d) 565, 101 P. (2d) 604. To conclude otherwise would be to subvert the spirit of the statute. The unsigned memorandum has not been adopted by the signed memorandum.

"Where a signed document refers to the transaction in question an unsigned memorandum describing the transaction has been treated as incorporated therewith. Such decisions go beyond what seems permissible, for the signature of the party to be charged does not authenticate an unsigned memorandum of the purchase merely because the signed paper makes some reference to the purchase. The signature vouches for the fact that there was a purchase, but it does not vouch for the terms of the purchase as described in the unsigned paper.

"A distinction that may at first sight seen too fine, but which reflection shows to be vital, is between a reference in the signed paper to the transaction described in the other paper and a reference incorporating the other paper itself. The statute is clearly satisfied in the latter case, but in the former the terms of the transaction are not authenticated by the defendant's signature. Even if the terms are written in the other paper, and as courts occasionally say in effect, 'The evidence shows that there was but one transaction,' there is nothing but parol evidence to show the defendant's assent to the terms as written, unless the paper signed by him approves them." 1 Williston on Sales (Rev. ed.) 319, § 110.

In *Western Metals Co. v. Hartman Ingot Metal Co.*, 303 Ill. 479, 135 N. E. 744, the written memorandum stated,

" . . . we are likewise canceling all written orders we have given our trade. We might have given you a verbal order, and this would be under the same ruling as all written orders we have given others." It is obvious that there was some kind of agreement between the parties; and yet the court said:

"The signed paper must refer to the unsigned paper in clear and distinct terms. ( 27 Corpus Juris, 263.) Oral evidence is inadmissible to connect the several papers or show that they relate to the same transaction. Oral evidence can only bring together the different writings. It cannot connect them. They must show their connection by their own contents. The connection must be apparent from a comparison of the writings themselves. . . . . After the several writings connect themselves together into one complete memorandum, parol proof is proper to show that the several writings apply to the subject matter of the suit and not to some other sale. This is equally so in case the complete memorandum is contained in one writing. The rule with respect to the admission of parol proof is the same whether the memorandum is to be found on one paper or on several papers which connect themselves together. The wisdom of the rule forbidding the use of oral evidence to show the connection between the several papers is at once apparent. If it is necessary to use oral evidence to show that the papers are parts of one contract of sale then the contract becomes partly oral and partly written, and we have then introduced all the mischiefs which the Statute of Frauds and Perjuries was intended to prevent. The line must be established somewhere, and that line has been wisely established at a definite point. If we break across this line and permit the use of some oral evidence to connect the writings then we introduce into the law confusion and uncertainty, because no one will then know how much oral evidence will be permitted to join the several writings in a given case. " . . . . It must be apparent to anyone that the correspondence admitted the existence of a contract of sale, but that is not the question for us to decide."

In only one case before this court, was the problem presented in any way similar to that in the instant case. In *Jones-Scott Co. v. Ellensburg Milling Co., supra,* we held a chain of correspondence sufficient to satisfy the statute

of frauds when one letter, signed by the party to be charged, contained an internal identifying reference to a former letter in which the terms of the sale were set forth. In this case, however, there is nothing on the face of the postal card which indicates that the "order" referred to is a written order; nor is there any indication from it that the "order" referred to is the same order which is indicated on the face of the unsigned memorandum. .

We hold, therefore, that there is no note or memorandum of the contract or sale, signed by the party to be charged, sufficient to meet the requirements of the statute.

While the dispute involved in the first cause of action was pending, defendant Lee Auvil mailed plaintiff a check for other merchandise purchased. The check bore the statement: "Account paid in full by Lee Auvil." Plaintiff did not cash the check, for he believed such action on his part would indicate an accord and satisfaction as to the controversy involved in the first cause of action. Pursuant to the prayer of the complaint, the trial court entered judgment for the amount of the check with interest from its date. Allowance of interest is assigned as error.

Although tender of the amount due will ordinarily stop the running of interest (*Brewster Cooperative Growers v. Brewster Orchards Corp.*, 21 Wn. (2d) 288, 150 P. (2d) 847), to be effectual, it must be unconditional. Perley, Interest, 142. The trial court did not err in this respect.

Judgment on the first cause of action is reversed, with directions to dismiss it. Judgment on the second cause of action is affirmed. Defendants (appellants) will recover their costs.

SCHWELLENBACH, C. J., MALLERY, GRADY, and HAMLEY, JJ., concur.

January 31, 1952. Petition for rehearing denied.