[No. 38567.    Department Two.    March 16, 1967.]

MARGARET SMITH, *Appellant,* v. JOHN TWOHY, *Respondent.**

*Richard G. McCann* and *Donald W. Ireland,* for appellant.

*Moriarty, Olson & Campbell,* by *Charles P. Moriarty, Jr.,* for respondent.

*Reported in 425 P.2d 12.

HAMILTON, J.—On May 22, 1961, appellant, Margaret Smith, and her assignor, Joseph Feroe, executed a document denominated a lease by which they purported to rent a walk-in refrigeration unit to Seattle Flower Growers, Inc., a domestic corporation. The lease was to run for a period of 5 years at a monthly rental of $100, with the right extended to the corporate lessee to purchase the equipment at the end of the term for $100. Ralph K. Gustafson, a major stockholder and president of Seattle Flower Growers, Inc., signed the lease on behalf of the corporation. In addition, Mr. Gustafson and respondent, John Twohy, a director and stockholder of the corporation, each signed their names to the end of the document following the handwritten word "personal." Neither Mr. Gustafson nor Mr. Twohy were otherwise mentioned in the body of the document.

Seattle Flower Growers, Inc., made the stipulated monthly rental payments through December, 1962. The payments thus made aggregated $2,000, leaving $4,000 due in monthly rentals if the lease ran its course. The corporation, however, suffered financial reverses and in early 1963 underwent voluntary dissolution. No further payments were made on the lease.

Appellant, contending that the lease document was in truth a security instrument for $5,000 advanced to the corporation by Joseph Feroe, commenced this action against respondent individually, alleging that he was collaterally or secondarily liable as a guarantor and responsible for the balance due under the lease document. Respondent answered with a general denial.

Interrogatories were exchanged, respondent twice amended his answer, and both parties moved for summary judgment. Respondent's motion was granted upon the grounds, that his signature upon the purported lease document was insufficient, as a memorandum under the statute of frauds, to bind him to answer for the debt or default of

the corporation. RCW 19.36.010(2).[1] Before the written order granting summary judgment was entered, appellant amended her complaint to allege that respondent, by his signature on the lease document, was originally or primarily liable. Without otherwise moving against the amendment or the amended complaint, respondent again moved for summary judgment, this time upon the grounds that the alleged agreement contravened the statute of frauds in that, by its terms, it was not to be performed within 1 year. RCW 19.36.010(1).[2] Respondent's motion was denied and the cause came on for trial upon the amended complaint and respondent's amended answer, pleading, among other defenses, the statute of frauds.

Trial was had before the court sitting without a jury. Virtually all evidence proffered by appellant was admitted, some over and subject to respondent's objection. At the conclusion of appellant's case, the trial court, in ruling on a motion to dismiss, weighed appellant's evidence, found as a fact that respondent had not signed and was not obligated as a principal or original promisor on the lease document, and concluded that respondent's signature preceded by the word "personal" was insufficient as a memorandum under the statute of frauds to impose liability upon him as a collateral or secondary obligor. The trial court, after entering appropriate findings of fact and conclusions of law, dismissed appellant's action.

---

[1] "In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: . . . (2) Every special promise to answer for the debt, default, or misdoings of another person; . . ." RCW 19.36.010(2).

[2] "In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: (1) Every agreement that by its terms is not to be performed in one year from the making thereof; . . ." RCW 19.36.010(1).

On appeal, appellant in essence challenges the trial court's finding of fact and conclusion of law just referred to.

We find no error in the trial court's determination that respondent was not a primary, principal, or original promisor in the transaction represented by the document in question.

■ When, within the contemplation of the statute of frauds, the capacity in which a signator signed a document becomes an issue, *i.e.*, whether the signator signed as an original promisor or simply as a collateral promisor or guarantor, a question of fact is presented, unless the facts be undisputed in which event the issue becomes one of law. *Goldie-Klenert Distrib. Co. v. Bothwell*, 67 Wash. 264, 121 Pac. 60 (1912); *Seiffert Co. v. Wright*, 108 Wash. 616, 185 Pac. 577 (1919).

■ In the instant case, appellant's evidence fails to erect anything above a whispery inference that respondent affixed his signature to the lease document or participated in the transaction involved as a direct, primary, or original promisor. There is no evidence whatsoever that respondent ever made or offered to make any of the rental payments called for by the document. Neither is there any evidence that respondent was to receive any direct benefit or consideration beyond that accruing to him as an incident of his ownership of stock in Seattle Flower Growers, Inc., which, by itself, is insufficient. See *Jannsen v. Curtis*, 182 Wash. 499, 47 P.2d 662 (1953) and 35 A.L.R.2d 906. On the contrary, appellant's own testimony as well as that of her assignor, Joseph Feroe, virtually established that respondent's signature on the instrument connoted, if anything, a secondary or collateral undertaking. The challenged finding of the trial court is, perforce, supported by substantial evidence. It will not be disturbed on appeal. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 419 P.2d 586 (1966).

Appellant next attacks the trial court's conclusion of law that respondent's signature, preceded by the word "personal," at the bottom of the lease document, was insuf-

ficient as a memorandum in writing to satisfy that portion of the statute of frauds relating to collateral promises to answer for the debt or default of another. In doing so, appellant, in effect, asserts that (1) respondent's signature under the circumstances constitutes the requisite memorandum, and (2) in any event, appellant would be entitled to supply any deficiencies by parol evidence.

We cannot agree with appellant on either score.

The statute of frauds is not a doctrine in equity, it is a positive statutory mandate which renders void and unenforceable those undertakings which offend it. *Forland v. Boyum,* 53 Wash. 421, 102 Pac. 34 (1909); *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482 (1918); *Sposari v. Matt Malaspina & Co.,* 63 Wn.2d 679, 388 P.2d 970 (1964). The memorandum or memoranda in writing, to satisfy the requirements of the statute, must not only be signed by the party to be charged but it must also be so complete in itself as to make recourse to parol evidence unnecessary to establish any material element of the undertaking. Liability cannot be imposed if it is necessary to look for elements of the agreement outside the writing. *Forland v. Boyum, supra; Mead v. White,* 53 Wash. 638, 102 Pac. 753 (1909); *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660 (1913); *Campbell v. Weston Basket & Barrell Co.,* 87 Wash. 73, 151 Pac. 103 (1915); *Dybdahl v. Continental Lumber Co.,* 133 Wash. 81, 233 Pac. 10 (1925); *Baillargeon, Winslow & Co. v. Westenfeld,* 161 Wash. 275, 295 Pac. 1019 (1931); *Bharat Overseas Ltd. v. Dulien Steel Prods., Inc.,* 51 Wn.2d 685, 321 P.2d 266 (1958). It follows that parol evidence is not admissible or permissible to establish an essential provision of the alleged agreement nor to supply deficiencies in the writing. *Broadway Hospital & Sanitarium v. Decker,* 47 Wash. 586, 92 Pac. 445 (1907); *Mead v. White, supra; Cushing v. Monarch Timber Co., supra; Lewis v. Elliott Bay Logging Co.,* 112 Wash. 83, 191 Pac. 803 (1920); *Martinson v. Cruikshank,* 3 Wn.2d 565, 101 P.2d 604 (1940); *Fosburgh v. Sando,* 24 Wn.2d 586, 166 P.2d 850 (1946).

■ The document in the instant case constitutes a complete contract between appellant, her assignor and Seattle Flower Growers, Inc. Neither respondent nor his relationship to any of the contracting parties is in anywise mentioned. For aught that appears he is a total stranger to the contract, and if the word "personal" preceding his signature be considered as connoting a guarantee questions immediately arise as to which of the contracting parties is being indemnified, to what extent, and upon what defaults. As stated in *Mead v. White, supra,* at 642:

> As between the appellants and the respondents, there is an entire absence of contract. In order to hold the respondents to any liability, the court would be required to create a contract, either by construction or by parol evidence. There is no language in the contract to warrant the former, and the latter is within the prohibition of the statute.

The judgment is affirmed.

FINLEY, C. J., DONWORTH and ROSELLINI, JJ., and BARNETT, J. Pro Tem., concur.